**James W. WILLIAMS, Petitioner,**

v.

**John T. PIERPONT, Jr., United States Marshal, Western District of Missouri, Kansas City, Missouri, Respondent.**

**Civ. A. No. 18358–3.**

United States District Court,
W. D. Missouri, W. D.

May 19, 1970.

James W. Williams, pro se.

*No response by respondent.*

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING PETITION FOR HABEAS CORPUS.

BECKER, Chief Judge.

Petitioner, a state and federal convict confined currently in the Missouri State Penitentiary, petitions this Court for a writ of federal habeas corpus directing the respondent to withdraw the demand for production of petitioner's person lodged by him with the Warden of the Missouri State Penitentiary. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he was convicted by a jury in the United States District Court for the District of Kansas of a violation of Section 2312, Title 28, United States Code (interstate transportation of a stolen vehicle) ; that he was sentenced on that conviction on May 20, 1966, to a term of four years' imprisonment; that he appealed from the judgment of conviction and imposition of sentence to the United States Court of Appeals for the Tenth Circuit; that the appellate court affirmed the judgment of conviction and imposition of sentence; that he has filed a motion to vacate his sentence under § 2255, Title 28, United States Code, in the sentencing court, which was denied on May 17, 1967; and that he was represented by counsel at his arraignment and plea, at his trial, at his sentencing, on appeal and upon preparation, presentation and consideration of his postconviction motion.

Petitioner states the following as grounds for relief in habeas corpus:

"(a) Petitioner's right to due process of law under the 5th Amendment were (sic) violated by the failure of the U.S. parole Board or its legally authorized representative to comply with the mandatory requirements of 18 U.S.C. §§ 4205–4206–4207.

i. The U.S. Parole Officer who executed the parole violation warrant on January 17, 1969, did fail to take petitioner before the Parole Board for a prompt hearing regarding the alleged violation.

ii. The U.S. Board of Parole has failed to have petitioner brought before it for a prompt hearing reguarding (sic) the alleged violation either at the time the warrant was served and executed (sic) on January 23, 1969, or at the time the State of Missouri disposed of its charges on December 16, 1968.

"(b) Petitioner's right to a prompt hearing before the U.S. Board of Parole for a speedy adjudication of the parole violation issue and in order for the board to determine whether or not petitioner's federal sentence should be served concurrently with the state sentence is garanteed (sic) by the 6th Amendment's speedy trial provision 'because of implications inherent in the recent cases of Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L. Ed.2d 1 (1967) and Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, decided January 20, 1969.' White v. Wilson, D.C., 301 F.Supp. 469 (1969).

"(c) Petitioner's rights under the Due Process and Equal Protection Clauses of the 14th Amendment are currently being abridged by the pendency of a detainer in favor of [the] U.S. Marshal, in that said detainer prevents petitioner from taking part in the various rehabilitation programs or attaining trusty status and the benefits inherent therein which are currently

available to other prisoner's (sic) serving sentences in the Missouri Department of Corrections."

Petitioner states the following as facts in support of the above contentions:

"On or about January 17, 1969, the U.S. Board of Parole issued a parole violation warrant against this petitioner.

"On or about January 23, 1969, F. M. Wilson, U.S. Marshal, served the warrant by mailing it to the Warden, Missouri State Penitentiary, Jefferson City, Missouri, who directed Lauf of the record office to read the warrant to this petitioner and have petitioner sign his signature in recipt (sic) thereof. A copy of said warrant was then given to the petitioner. Petitioner at said time was serving a three year sentence for Felonious Possession of a Forged Instrument.

"On or about May 27, 1970, the time within which petitioner's 4 year sentence could have expired (including 180 days) or when warrant was issued January 17, 1969, less 180 days, less time on parole, sentence would have expired if run concurrent with present time.

"Prior to this date, petitioner has been denied release on parole by the Missouri State Board of Parole and Probation. No reason was given for said denial, but the possibility that the above described detainer adversely affected the board's consideration cannot be overlooked.

"Prior to this date, petitioner was informed that he would not be eligible for assignment to an outside farm or honor camp because of security reasons so long as the federal detainer was pending."

Petitioner, by virtue of the above contentions and facts, contends that his right to a "prompt hearing" has been denied by the above described inaction of the United States Board of Parole and that, therefore, respondent should be required to withdraw the request for production of his person currently lodged with the Warden of the Missouri State Penitentiary, petitioner's present custodian. It is well established that a hearing should be held within a reasonable time after execution or issuance of the parole violation warrant. Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567; United States ex rel. Buono v. Kenton (C.A. 2) 287 F.2d 534, cert. den. 368 U. S. 846, 82 S.Ct. 75, 7 L.Ed.2d 44; Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F. 2d 225. Petitioner states that he was served with the parole violation warrant on January 23, 1969, and that the Board has made no effort to conduct a hearing. Thus, by virtue of the single allegation of lapse of time, petitioner seeks to justify the conclusion that he was denied a hearing within a reasonable time by the Parole Board. But the lapse of a period of time before the holding of a parole revocation hearing does not in itself, without more, establish the unreasonableness of the time of the hearing. Agresti v. Parker (M.D.Pa) 285 F.Supp. 893. The delay must be prejudicial. To this effect see United States ex rel. Obler v. Kenton (D.Conn.) 262 F.Supp. 205, 209:

> "No mechanical test is dispositive. As with the claim of a deprivation of the right to a speedy trial, whether there has been a deprivation of the right to a revocation hearing within a reasonable time depends upon all the circumstances of the case. A long delay in and of itself is but one element, albeit a forceful one, to be considered. Timely objection to the delay, unavailability of witnesses, lost sources of mitigating evidence, the violator's own conduct as a contributing cause of the delay, and the Parole Board's reasons for the delay are factors which also must weigh in the balance."

See also Cotner v. United States (C.A. 10) 409 F.2d 853, wherein the United States Court of Appeals for the Tenth Circuit held that a six-month delay between the arrest and the convening of

the parole revocation hearing in the penal institution was not prejudicial "[s]ince the fact of violation was admitted and inasmuch as appellant was provided with a hearing in which he could have stated his case for mitigation." Similarly, in the case at bar, petitioner states that the parole revocation warrant issued because of his committing the state offense for which he was tried and convicted in December of 1968 and for which he was already imprisoned under sentence when the parole violation warrant was issued. In such a case, no prejudice would be done to petitioner by delay of the revocation hearing for the purposes for which he seeks relief in the case at bar. Petitioner herein seeks to have relief from the Parole Board (in the parole revocation hearing) by way of a refusal to revoke his parole or a determination that the remainder of his federal sentence should run concurrently with the state sentence which he is now serving. Petitioner does not in any way claim his right to any other type of appropriate relief from the Board. For these purposes, however, petitioner has not been prejudiced by the delay in the holding of the hearing for the following reasons.

█ (1) Petitioner has been convicted of the violation of state law which comprised the basis of his parole violation warrant.[1] In such a case, the controlling cases and the precedents of the Parole Board, hold that parole revocation is "automatic." Although petitioner is still entitled to his statutory right to an "opportunity to be heard before the Board, a member thereof, or an examiner designated by the Board" under Section 4207, Title 18, United States Code, to determine whether "the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced," he is not prejudiced

in such an instance by delay which, as in this case, does not exceed the termination of the state sentence or a period reasonably in excess thereof. As was held by the District of Columbia Court of Appeals in Hyser v. Reed, *supra,* a "local hearing" is required "only in cases where the fact of violation is controverted." 115 U.S.App.D.C. 254, 318 F.2d at 246. In Shelton v. United States Board of Parole, *supra,* it was stated that:

"the Board may reasonably await the outcome of pending criminal proceedings where its violator warrant charges that criminal offense as the reason for revocation. Since there is no need to hold a revocation hearing at all in such cases—the violation being established by the criminal conviction—there can be no prejudice to the parolee in regard to determining the fact of violation by awaiting the outcome of criminal proceedings, and there may be an advantage, as appellees suggest, in leaving 'the determination of guilt or innocence * * * to the courts [rather] than to an informal Board hearing.' " 128 U.S.App.D.C. 311, 388 F.2d at 573. See also Agresti v. Parker, *supra.*

Thus, while petitioner may still be entitled to a parole revocation hearing to enable him to present material supporting possible mitigation of the remainder of his federal sentence, the issues of guilt and grounds for revocation have already been resolved against him by virtue of the conviction. Thus, petitioner cannot be said to have suffered prejudice in any respect, barring the future, unforeseen contingency that he might not receive a hearing on mitigation for a reasonable time after he enters the federal penal institution at the termination of his state sentence.

---

1. This is apparent from the allegations of the petition, wherein petitioner alleges that the parole violation warrant. was issued because of his state conviction, while he was imprisoned for it, as well as by the warrant itself, which is on file in the Probation Office for this district and thus subject to being judicially noticed by this Court. See McCormick, Evidence § 327, pp. 701–702 (1954 ed.); cf. Zahn v. Transamerica Corporation (C.A.3) 162 F.2d 36.

(2) Petitioner does not state that he has made any application to the Board of Parole for a parole revocation hearing. In Shelton v. United States Board of Parole, *supra,* it was noted that the Board had procedures for receiving and acting upon such applications. See 128 U.S.App.D.C. 311, 388 F.2d at 576, n. 20. Under the authorities cited above, see United States ex rel. Obler v. Kenton, *supra,* this lack of application by the petitioner may be considered on the question of the unreasonableness of delay. Only in cases of unreasonably long delay is the length of the delay in itself determinative. See, e. g. United States v. Gernie (S.D.N.Y.) 228 F.Supp. 329, involving a delay of some eleven years. See also Shelton v. United States Board of Parole, *supra.* When considered together with the fact that a finding of parole violation has been made against him by the state conviction, this Court is justified in concluding that the parole revocation hearing has not been unreasonably delayed and that petitioner has not been prejudiced by the delay which has ensued since the issuance of the warrant.[2] See Cotner v. United States, *supra.*

Petitioner relies on Klopfer v. North Carolina, *supra,* and Smith v. Hooey, *supra.* Both of those cases involved a greater period of delay than that involved here, however, and, further, the accused in both cases were shown to have suffered prejudice from the respective delays. Such is not the case at bar, wherein petitioner received a speedy determination of his guilt on the charge comprising the parole revocation in his trial by the State and he was not prejudiced by any delay in terms of vanishing witnesses or other evidence. As noted above, the Parole Board will rely on the State conviction to terminate and revoke parole when the hearing is held.[3]

Finally, petitioner's assertion that his federal sentence would expire on May 27, 1970, if it had been made to run concurrent with the state sentence, is erroneous. Such a conclusion ignores the provision of Section 4205 that "[t]he unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition herein for habeas corpus be, and it is hereby, denied.

---

2. The Probation Office indicates that the parole violation warrant herein may have been issued and not executed, as petitioner contends, and sent to the Warden of the Missouri State Penitentiary as part of a "detainer" and request. Assuming this to be true, the same standards of execution within a "reasonable" time apply. See, e. g. Petition of Castaldi (E.D. Mo.) 305 F.Supp. 421, in which it was held that delay may be reasonable, under certain circumstances, where execution is delayed until after the termination of the sentence from which the prisoner was paroled, calculated from its original commencement.

3. Petitioner also relies herein on White v. Wilson (W.D.Mo.) 301 F.Supp. 469, in which *Klopfer* and *Smith* were deemed applicable to parole revocation proceedings. But in that case, a longer period of time had elapsed before the hearing and it was determined that the charges comprising the alleged parole violation had long since been dismissed by the jurisdiction wherein they were filed. In this case, however, petitioner has been convicted of the charges comprising the violation. "Once the hearing is held, however, and the fact of violation is fairly adjudicated, custody is lawful." United States ex rel. Buono v. Kenton (C.A.2) 287 F.2d 534, 537.