Jimmy Lee **HOOD**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–18217.

Court of Criminal Appeals of Oklahoma.

July 31, 1973.

Order Aug. 10, 1973.

John Robert Montgomery, Sallisaw, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

Appellant, Jimmy Lee Hood, hereinafter referred to as defendant, pled guilty to the charge of Uttering a Forged Instrument in the District Court of Sequoyah County, Case No. CRF–69–67. Thereafter, on the 30th day of April 1969, judgment and sentence was imposed on the defendant for a five (5) year suspended sentence. On the 26th day of January 1972, the State filed an Application to Revoke said suspended sentence. A hearing pursuant to this application was held on May 18, 1972, and as a result of that proceeding, defendant's suspended sentence was revoked. From that revocation, the defendant has timely perfected an appeal to this Court.

■ The defendant makes two complaints concerning his revocation. First, it is urged that because a transcript of the original 1969 judgment and sentence proceeding showing the terms and conditions of the suspended sentence was unavailable for this appeal, reversal is required. Secondly, it is contended that since no conditions and terms were attached to defendant's suspended sentence, none could have been violated. Defendant offers no explanation for the unavailability of the original judgment and sentence transcript nor any evidence of his attempt to procure same. Furthermore, in the transcript of the revocation proceedings, it is shown within the month prior to the January 26 application for revocation, another revocation hearing was held at which time the defendant was again instructed as to the terms and conditions of his suspended sentence. At that hearing the revocation application was denied. In addition, the court in the present revocation hearing specifically found that defendant had previously signed certain rules and conditions which included an agreement to at all times conduct himself as a law abiding citizen. (Tr. 48) It would, therefore, appear that the judgment and sentence transcript was not needed.

■ In Brooks v. State, Okl.Cr., 484 P. 2d 1333 (1971), the court through Judge Bussey said:

"We are of the opinion that a condition of a suspended sentence that a person may not commit a felony, is so basic and fundamental that any reasonable person would be aware of such condition."

The same theory is applicable in this case involving the misdemeanors of Resisting Arrest (21 O.S. 54) and Public Intoxication (37 O.S. 8). It takes only common sense to know public intoxication and obstructing an officer are violations of an agreement to conduct oneself as a law-abiding citizen. The revocation hearing presented evidence by Sam Lockhart, Officer on the Sallisaw Police Force. Officer Lockhart related the circumstances of defendant's arrest on January 24, 1972. On that date the defendant called the police station, reported that someone had shot at him while he was in his car, and requested an officer meet him at a truck stop. Officer Lockhart testified that when he arrived at the truck stop, he found defendant in what he believed to be a state of drunkenness. He also stated that defendant had broken speech and was staggering. The officer arrested the defendant and took him to the police station where the defendant fell on the floor and began swearing at the officers.

Sheriff Bill Sizemore was present during this commotion and corroborated Officer Lockhart's statement of the events. The defendant was subsequently charged with being drunk and resisting arrest.

■ The Court finds that the revocation hearing provided sufficient evidence of the conditions of defendant's suspended sentence and sufficient evidence on which to base a revocation. Therefore, the judgment and sentence should be, and hereby is, affirmed.

BRETT and BUSSEY, JJ., concur.

ORDER

Whereas, opinion was filed herein on the 31st day of July, 1973, in which the Court

erroneously referred to the appeal as being one from an order of the District Court of Sequoyah County, Oklahoma, revoking appellant's suspended sentence; and

Whereas, the appeal was in truth and in fact one from an order denying applicant post conviction relief and which appeal was timely filed in this Court; and

Whereas, a complete and thorough review of the entire record, transcript and briefs was made by this Court before the issuance and filing of said opinion, and appellant exercised his full right on appeal and presented to this Court for review every asserted error on the trial court in reference to revocation of suspended sentence, which became the basis of the post conviction application, timely appealed. The Court finds that the erroneous reference in the opinion has not resulted in denial of any right of appellant.

Now, therefore, the Court orders that the said opinion as filed be, and it is hereby, corrected to reflect that the appeal is one from an order denying post conviction relief.

It is further ordered that mandate issue forthwith.