Roy Lee WOODS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O–74–53.

Court of Criminal Appeals of Oklahoma.

Sept. 3, 1974.

Oyler & Smith, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Oklahoma County, Case No. CRF–71–2327, appellant, Roy Lee Woods, entered a plea of guilty for the offense of Rape in the Second Degree and on February 15, 1972, assessed a three (3) year suspended sentence. On May 3, 1973, an application to revoke said suspended sentence was filed and on July 24, 1973, at a hearing on the application defendant's sentence was revoked. From that revocation proceeding defendant has timely perfected an appeal to this Court.

The facts reveal that while defendant was on probation for the above mentioned three year suspended sentence, he was charged with the offense of Assault with a Deadly Weapon with Intent to Kill. This charge was filed on November 15, 1972. A jury trial was held on February 14, 1973, and was mistried for the reason the jury could not deliberate a verdict to a conclusion. On June 20, 1973, on retrial of the assault case this case was dismissed with prejudice as the State did not prove diligence in showing why they failed to present prosecuting witnesses. On April 29, 1973, the defendant was arrested for the offense of Public Intoxication. On April 30, 1973, in the Municipal Court of Oklahoma City, he entered a plea of guilty for the offense and paid a fine of twenty ($20.00) dollars.

At a hearing on revocation three witnesses from the Oklahoma City Police Department testified concerning the arrest of the defendant on April 29, 1973. Officer Duane Carruth testified that he arrested the defendant at approximately 1:00 a. m., April 29, 1973, outside of a local nightclub and that at the time of the arrest, defendant had a strong odor of alcohol about his person and could not stand without assistance. Upon taking defendant into custody, Carruth instructed defendant he was under arrest for public drunk. However, Carruth did not inform defendant of his constitutional rights.

Officer David McBride, also of the Oklahoma City Police Department, testified to a conversation he had with defendant at the police station prior to his booking on the public drunk charge. During this conversation defendant discussed his activities relating to the alleged assault incident on November 12, 1972. McBride stated that it was the defendant who initiated the conversation and since there was no interrogation involved he did not discuss constitutional rights with the defendant.

The third State's witness, Officer Harold P. Neal, testified that he accompanied Officer McBride during the conversation with the defendant, and that he did not explain to defendant his constitutional rights.

Defense counsel argues in his first proposition the evidence adduced at the revocation hearing is not legally sufficient to sustain the court's finding that probationer's suspended sentence should have been revoked. Counsel argues that; evidence adduced regarding an offense alleged in the revocation application violated the defendant's privilege against double jeopardy as defendant was acquitted for that offense; that evidence of irrelevant offenses, not alleged in the revocation application was improperly admitted; that the transcript of preliminary hearing on one offense alleged in the application was improperly admitted into evidence; that the application for revocation alleged a conviction for the offense of public intoxication and such an allegation was insufficient to give proper notice to defendant evidence would be taken for the offense of public intoxication rather than the mere admission of the judgment and sentence on conviction; and that admissions made by defendant to the arresting police officers were made without the predicate of proper Miranda admonitions.

Before considering each one of these arguments separately, it is first important to note that 22 O.S.1971, § 991b, specifically requires the revocation of probationary status be founded upon "competent evidence." It is important to further note, however, that from a constitutional standpoint, the requirement of due process is generally satisfied by a proceeding which is fundamentally a fair one. A probationer is not entitled to the full panoply of constitutional rights in a hearing of this nature. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). See also In re Collyar, Okl.Cr., 476 P.2d 354 (1970). It is with the above mentioned standard construed in light of the language of 22 O.S.1971, § 991b, that defendant's arguments must be analyzed. We, therefore, will conduct an analysis of each one of these arguments separately.

Defense counsel argues the evidence regarding the offense of Assault with a Deadly Weapon with Intent to Kill was inadmissible as the case was dismissed on its merits, with prejudice, for the reason the State, at the second trial, failed to show due diligence in obtaining State's witnesses. For the above reason the court suppressed the transcript of testimony adduced at the first trial. In substance counsel argues this Court is compelled to hold that upon an acquittal or dismissal of a case upon its merits, and in an instance where a revocation of probation is pending for that alleged offense, the trial court conducting the revocation proceeding is estopped from considering that evidence and that offense as a basis for revocation.

In the case of Marutzky v. State, Okl. Cr., 514 P.2d 430 (1973), this Court dis-

cussed the application of the rule of res judicata, estoppel, and its application to revocation proceedings. In *Marutzky,* supra, this Court entertained the issue of estoppel under circumstances where two revocation hearings were conducted for the same offense with the first revocation proceeding culminating with a dismissal of the revocation application upon its merits. The subsequent application was initiated in the same court requesting a revocation of probation for the same offense. However, at the second revocation proceeding a judgment and sentence, which had been entered subsequent to the former revocation proceeding, was introduced and this judgment and sentence was the sole basis for the revocation of probation. We held in *Marutzky,* supra, that the introduction of the judgment and sentence at the second hearing was sufficient to constitute a significant variation in the facts. Such a significant variation following the prior revocation proceeding was sufficient to provide new evidence upon which the revocation could be predicated. Consequently, the rule of estoppel was not applied in that case.

■ It then would appear that the rule of estoppel may be properly applied in revocation proceedings. However, such application would ordinarily be confined to multiple revocation hearings all predicated upon the same issues and evidence. The extension of the rule of estoppel barring the admission of evidence regarding a criminal offense for which probationer has been tried and acquitted cannot be considered in detail in this opinion. First of all we note, in the instant case the probationer was not acquitted of the offense upon a finding of fact by the trier of facts. The dismissal resulted as a matter of procedural defect. Consequently, in this instant case a trier of the facts did not exonerate probationer. It is this Court's opinion that if probationer is not acquitted by the trier of facts upon the issue of whether an offense was committed and he committed it, there can be no application of the rule of estoppel to a subsequent revocation proceeding conducted on the same evidence. Consequently, we find estoppel is not an issue in this case.

■ Defendant next alleges evidence of an offense not alleged in the application to revoke was improperly admitted. This evidence involved declarations made at the time defendant was arrested. These declarations tend to show defendant's state of intoxication at the time of arrest. For this reason they were admissible. We therefore find this proposition to be without merit.

■ Defense counsel next argues that the transcript of the preliminary hearing for the offense of Assault with a Dangerous Weapon with Intent to Kill was improperly admitted into evidence for the reason the State did not show diligence in obtaining this testimony by subpoenaing the witnesses and showing their unavailability. Counsel's assignment of error in this regard is well taken. In the case of Moore v. State, Okl.Cr., 507 P.2d 1290 (1973), this Court addressing itself to the same issue in a revocation hearing speaking through Judge Bussey stated as follows:

"The final proposition asserts that the trial court erred in admitting the transcript of Trooper Green's testimony. This proposition is well taken in that the State did not establish due diligence in attempting to obtain the presence of the Witness Green other than the issuance of a subpoena and that Green was on vacation. Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255." at 1292

Even though the above transcript was improperly admitted, we note this is only cumulative evidence in that the evidence adduced at the hearing in addition to this evidence was sufficient to prove a violation of the terms of probation.

■ Defense counsel finally argues in his first proposition that violations within the application to revoke are insufficient to place defendant on notice he would be required to defend against evidence of the offense of Public Intoxication. In the

amended application to revoke we note the allegations set forth the grounds for revocation and state as follows:

"Committed crime of ASSAULT WITH A DEADLY WEAPON WITH INTENT TO KILL on November 15, 1972 as alleged in case #CRF–72–2724. 2. Convicted of PUBLIC DRUNK on April 30, 1973."

Counsel first argues the conviction for public drunk entered upon a plea of guilty in the Municipal Court of Oklahoma City, is inadmissible for the reason that proper constitutional admonitions were not afforded defendant prior to his entering the plea of guilty. We agree with counsel in this regard and find the judgment and sentence of such a conviction is not admissible. Counsel further argues that since the application alleges a conviction, it does not place defendant on notice he would be required to defend against testimony and evidence regarding such an offense. With this contention, we disagree. Although the application to revoke does allege a conviction, the application itself is sufficient to place defendant on notice that he will be required to defend against the offense of Public Intoxication. For this reason we reject defense counsel's argument that the evidence of the public intoxication offense was improperly admitted. The application in itself even though it does allege conviction, is sufficient to place defendant on notice to defend against evidence regarding such an offense. This evidence is sufficient in itself to justify revocation of defendant's probation. See Carson v. State, Okl.Cr., 493 P.2d 1397 (1972); Knight v. State, Okl.Cr., 506 P.2d 927 (1973); and Hood v. State, Okl.Cr., 513 P.2d 328 (1973). We therefore find the errors argued in the first proposition are insufficient to vitiate the court's order of revocation as there is sufficient evidence to sustain the revocation.

In light of the evidence of intoxication it is unnecessary to determine the admissibility of the admissions made without Miranda warnings. A trial judge sitting as a trier of the facts is presumed to found his ruling upon the competent evidence adduced at a hearing. Consequently even though the conversation may have been inadmissible evidence, in light of the evidence of public intoxication, it is only surplusage.

In defense counsel's second proposition, he argues the trial court did not conduct a revocation hearing in compliance with the minimal constitutional standards. We note the trial court in conducting the hearing complied with 22 O.S.1971, § 991b. That section of the statute reads as follows:

"Whenever a sentence has been suspended by the court after conviction of a person for any crime, the suspended sentence of said person may not be revoked, in whole or in part, for any cause unless competent evidence justifying the revocation of said suspended sentence is presented to the court at a hearing to be held for that purpose. The court may revoke a portion of the sentence and leave the remaining part not revoked, but suspended for the remainder of the term of the sentence, and under the provisions applying to it. The person whose suspended sentence is being considered for revocation at said hearing shall have the right to be represented by counsel, to present evidence in his own behalf and to be confronted by the witnesses against him. Any order of the court revoking such suspended sentence, in whole or in part, shall be subject to review on appeal, as in other appeals of criminal cases. Provided however that if the crime for which the suspended sentence is given was a felony, or if the reason for revocation be that the defendant committed a felony, he shall not be allowed bail pending appeal."

At the hearing probationer in the instant case was afforded counsel, availed of an opportunity to present evidence in his own behalf, and was confronted by the witnesses against him. The trial court, as mentioned before, fully complied with the above procedure in the conduct of said

hearing. The question therefore is does the above statutory procedure conform with the provisions set forth in Gagnon v. Scarpelli, supra, a case which imposes minimal requirements set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L. Ed.2d .484 (1972), in the revocation of a probationer's probationary status in the same manner as *Morrissey* sets forth requirements on the revocation of parolee's parole status.

 The State responds to counsel's arguments raising the guidelines set forth in *Gagnon,* supra, stating that *Gagnon* is not to be applied retroactively and to make an application in the instant case would require a retroactive application. The record submitted to this Court indicates that on May 3, 1973, the application to revoke the suspended sentence in the instant case was filed. *Gagnon,* supra, was decided on May 14, 1973. Since *Gagnon* imposes new procedural guidelines on probation revocation proceedings, should there not be extenuating circumstances in the instant case the rule in *Gagnon* would not be applied to this revocation proceeding as this Court will not make a retroactive application of *Gagnon,* supra. See Foy v. Bounds, 481 F.2d 286 (4th Cir. 1973). However, we note that on June 29, 1973, the application to revoke suspended sentence was amended to include the offense of a conviction for Public Drunkenness entered on April 30, 1973. Said amendment occurred subsequent to the *Gagnon* decision. Further, the offense included in the amendment was the primary basis for the revocation and the evidence adduced at the revocation hearing centered upon this offense. For this reason we find it is necessary to apply the guidelines set forth in *Gagnon,* supra, to the instant case as the amendment to the application to revoke suspended sentence occurred subsequent to the decision in *Gagnon.* We therefore reject the Assistant Attorney General's argument and will determine the application of *Gagnon* in conjunction with 22 O.S.1971, § 991b to the circumstances in the case at bench.

The ruling in *Gagnon,* supra, in substance holds that a probationer's probationary status may not be revoked within the realm of due process unless a probationer is afforded, *first a preliminary hearing at the time of his arrest to determine whether there is probable cause to believe that he has violated his conditions, of probation and,* second, a final hearing within a reasonable time to determine whether he has in fact violated those conditions and whether probationary status should be revoked. The court further held that at each hearing the probationer is entitled to notice *of the violations alleged and the evidence* used against him, opportunity to be heard in person, present evidence, and confront accusatory evidence before an impartial tribunal who at the conclusion of the hearing sets forth conclusions of fact and law, in written form, indicating the reason for the decision of whether or not the probationary status is revoked.

 Section 991b of the Oklahoma Statutes substantially complies with the holdings set forth in *Gagnon,* supra, in most respects and, in some respects provides probationer additional safeguards; that being, a statutory right to counsel at adjudicatory stage of proceedings. However, in construing *Gagnon,* supra, in light of our statutory authority certain difficulties are created in regard to the application of what *Gagnon* refers to as a "preliminary hearing." Our statute sets forth no such requirement. The hearing stage referred to in § 991b refers to the adjudicatory stage wherein the issue of whether or not probationer's probationary status will be revoked is finally determined. It therefore becomes necessary to include in the revocation procedure a preliminary hearing in addition to that hearing set forth in § 991b.

In this jurisdiction it is customarily the procedure in bringing a probationer before the court to arraign the probationer on the application to revoke before the judge who placed probationer on such status. It would be this Court's interpretation of

*Gagnon,* supra, that to fully comply with the detailed procedure outlined in that decision, the trial court would be required on the arraignment of the application, in the presence of probationer, to receive evidence from a witness which establishes the probable cause that probationer has violated the terms of his probation. Consequently, this Court finds that it is necessary that upon arraigning the probationer upon the application that evidence be given which establishes probable cause probationer has violated the terms of his probationary status and he be afforded the opportunity to confront any accusatory evidence at this stage. This preliminary hearing is to be afforded probationer in addition to the revocation hearing ordinarily conducted in compliance with § 991b. However, at the preliminary hearing stage the only issue in question is whether there is probable cause to hold probationer for a final adjudication of revocation of probation.

It is this Court's opinion that § 991b substantially complies with the rule set forth in *Gagnon,* in other respects. We therefore determine that the final adjudication of a revocation of probation in compliance with § 991b following a proper preliminary hearing had at the time probationer is arrested and brought before the court, within a reasonable time after arrest, to be a procedure in substantial compliance with *Gagnon,* supra, and due process.

 It therefore becomes necessary to determine whether relief should be afforded probationer in the instant case on the basis of the ruling in 'Gagnon. Generally, the Federal Courts have held in construing the above rule, applicable in Federal jurisdiction prior to the cases of *Morrissey,* and *Gagnon,* supra, that no preliminary interview hearing on fact of parole violation is necessary if parolee does not persist in his innocence of violation, or if he otherwise indicates desire to waive local hearing. See, Cameron v. Fisher, 116 U.S.App.D.C. 9, 320 F.2d 731 (1963). In the instant case no objection was propounded at the time of the adjudicatory hearing regarding the probationer not being afforded a preliminary hearing. Although the rule recited in *Cameron,* supra, refers to parole, that rule as mentioned previously is applicable as well to a probationer. Consequently, we find that the absence of a timely objection waived probationer's right to such a hearing. A hearing should be held within a reasonable time after the issuance of a violation warrant. However, the lapse of time or the absence of a hearing does not in itself establish a violation of due process as the delay must be prejudicial before the absence constitutes such a denial. See Williams v. Pierpont, 315 F.Supp. 1311 (D.C.Mo.1970). We therefore find that even though procedure afforded probationer in the instant case did not afford him a preliminary hearing, the absence of objection and the lack of showing prejudice resulting from the absence of the hearing did not constitute denial of due process and consequently the error was harmless beyond a reasonable doubt. We therefore find this proposition to be without merit.

The order revoking probationer's suspended sentence is affirmed.

BRETT, J. concurs in results.

BUSSEY, J., concurs.

BRETT, Judge (concurring in results):
I concur in the results reached by the majority opinion for the reasons that the requirement of a preliminary hearing prior to the hearing on revocation mandated by Gagnon v. Scarpelli, 411 U.S. 788, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), was waived by the defendant's failure to object; that the notice given by the State's application to revoke was sufficient to advise defendant that evidence would be introduced that he committed the offense of Public Intoxication in violation of the conditions of his probation and that sufficient competent evidence was introduced to justify the finding of the trial judge that he in fact committed that offense.