Richard **CAUDILL**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–810.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1975.

Antony C. Link, Rodgers & Link, Duncan, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., James D. Bednar, Legal Intern, for appellee.

## OPINION

PER CURIAM:

Appellant, Richard Caudill, hereinafter referred to as defendant, was charged in the District Court, Stephens County, Case No. CRF–73–89, with Embezzlement of Rented Property, in violation of 21 O.S. 1971, § 1464. On September 14, 1973, defendant pleaded guilty and his punishment was fixed at five (5) years' imprisonment and same being suspended. On July 3, 1974, the District Attorney of Stephens County filed a motion to revoke the suspended sentence alleging the defendant did not comply with the terms of his suspended sentence in that: (1) The defendant committed the offense of Defrauding an Inn Keeper in violation of 21 O.S.1971, § 1503; and that said defendant committed the offense of Uttering a False and Bogus Check in violation of 21 O.S.1971, § 1541.1; (2) Defendant having given his authorization for repair work and said repair work being done, he thereby removed his car without permission from the premises whereupon the repair work was done and without payment for said repair work; and, (3) The defendant failed to make restitution as ordered by the court in the conditions of defendant's suspended sentence. This motion was heard on the 11th day of July, 1974, before Judge Hegel Branch, Jr., then District Judge, who ordered the suspended sentence revoked.

From an order entitled Order Revoking Suspended Sentence, a timely appeal has been perfected to this Court.

Dorris Beers testified she was employed by Halliburton Services as supervisor of the payroll section. From said business records of which she had control, she testified defendant was an employee of Halliburton Services from April 29, 1974 until July 2, 1974, during which time his net pay was $409.67 and that he was paid biweekly. She stated the amount of such biweekly payments varied.

Jean Deaton testified she was employed with the Stephens County District Clerk's Office and was official keeper of the court records of Stephens County. She produced a judgment and sentence of September 14, 1973, Case No. CRF–73–89, for the crime of Embezzlement of Rented Property, wherein the defendant was Richard Caudill. She further related the conditions of the suspended sentence of said judgment and sentence and she related the special conditions of said probation as follows: (1) the defendant shall maintain gainful employment and make restitution of $1,191.-28, by paying $125.00 per month on restitution; and, (2) defendant shall pay probation fee of $1.00 per month to the District Court Clerk.

Mrs. Leon E. Hooten, Jr., testified she owned a business establishment in Stephens County known as Mama Lucia's. She testified the defendant had previously worked for her from December until March and that during this time his pay totaled approximately $478.59. She lastly testified the defendant was a good employee.

F. O. Venable testified he was the owner of the Derrick Motel in Stephens County, Oklahoma. After being shown a registration card which was an official record of the Derrick Motel and after having identified the defendant in court, he testified the card reflected the defendant stayed at the motel from May 24, 1974 to June 10, 1974.

During this time the defendant incurred a bill of $119.00 which had not been paid, nor had any agreement been made for payment. He further testified the defendant failed to notify the motel of his checking out.

On cross-examination he testified that the defendant was paid up until the 24th of May and that he had conversations with the defendant prior to the 10th of June, at which time the defendant asked him if he could wait another week before paying for the motel room. Mr. Venable told him he could not carry him any longer and that the defendant would have to pay for the room. He further testified he locked the defendant's room on the 10th of June, at which time the defendant had already left the motel.

Vernon O'Neal testified he was the owner of a business establishment in Duncan, Oklahoma, known as O'Neal's Foreign Car Service. He testified the defendant signed an agreement slip in his presence authorizing repairs of the defendant's car and that said repairs ultimately resulted in an overhaul with the cost totaling $605.57. This slip was marked as State's Exhibit No. 2. He further testified the defendant had not paid for the work and at no time was the defendant given permission to take the car and in fact he refused defendant possession of the car until the bill was paid. He stated the defendant offered him a check for the amount of repairs on the condition the check be held until the following Friday, but he refused to accept the check because this was not normal business procedure.

Dan Files testified he worked for one Vernon O'Neal and that he knew the defendant. He further testified that the business establishment for which he worked had done repairs on the defendant's car and that on June 10th the defendant came to O'Neals' Foreign Car Service and told him that he was going to take the car. He testified he told the defendant that he could not take the car because of the bill against it and because Mr. O'Neal

had told him not to let the car go while he was gone unless the money was paid. He further testified the defendant took the car without permission and that he tried to stop the defendant but was unsuccessful.

R. M. Marine testified he was owner of a business in Stephens County known as Marine's Corner. After being shown State's Exhibit No. 3, he testified that said exhibit was a check which he cashed for the defendant in the amount of $35.00 and made out to R. M. Marine drawn on the Security State Bank of Comanche. He testified that he turned this check over to the Duncan Candy Company who deposited the check. He testified that the check was returned for insufficient funds and he paid off this check. He stated that the defendant came in one time to inquire of him if the check had come back. At this time the check had not come back but since the defendant did not return again he, Mr. Marine, was "out" the money to cover this check.

Mable Hayes testified she was employed with Security State Bank of Comanche as assistant cashier and overseer of the bookkeeping department. After being shown State's Exhibit No. 3, she testified that she previously had seen the check when it was presented to the bank and that it was returned for "insufficient funds." She further testified the defendant opened an account with the bank on June 13 with a deposit of $100.00 and the account was deficient on June 19. The bank overdrew the account on June 25 and at the present time the account was closed.

The defendant took the stand and testified in his own behalf. He related the following facts concerning the transaction with R. M. Marine. He wrote the check in question on the 15th of June with the knowledge that he was to be paid on Wednesday, June 19. He went to Marine's business on Tuesday to ask if the check had been returned because he knew he was going to be paid on Wednesday and make a deposit at that time. He was arrested on Tuesday night and therefore had no chance

to deposit the money in the bank. He further testified that he made an agreement with one Nathan Hobbs to withdraw all of his money in satisfaction of an obligation to Mr. Hobbs. He stated he told Mr. Hobbs to make sure all checks had cleared his account.

Nathan Hobbs testified that he made an agreement with the defendant to withdraw defendant's money from the bank subject to the defendant's agreement that all defendant's checks had cleared his bank.

Defendant's first proposition of error asserts that the evidence at the revocation hearing was insufficient to support the finding that the defendant had violated the terms of his suspended sentence. This Court held in In Re Collyar, Okl.Cr., 476 P.2d 354 (1970) that:

"3. At the revocation hearing, the state must offer competent evidence justifying the revocation; and the person—whose suspended sentence is being revoked—shall have the right to counsel and to present evidence in his own behalf; and shall have the right to be confronted by the witnesses appearing against him." at 358.

In the instant case the District Court ordered the defendant's suspended sentence be conditioned in part as follows: (3) That said defendant shall not violate any city, state or federal laws; and condition (6) That said defendant shall conduct himself in all respects as a good and peaceable law abiding citizen.

At the revocation hearing the testimony of F. O. Venable indicated that the defendant stayed at the Derrick Motel from May 24, 1974 to June 10, 1974, without ever paying a bill for such period of time and without any agreement ever being made for such payment. The testimony of R. M. Marine indicated the defendant uttered a check to Mr. Marine for $35.00 which was later returned for insufficient funds and further, that no payment of this check had been made.

■ The defendant argues that the testimony of these two witnesses is insuffi-

cient to establish defendant's intent to defraud which is a requisite element of the offense of intent to defraud an innkeeper and of the offense of uttering a false and bogus check, 21 O.S.1971, § 1503 and 21 O.S.1971, § 1541.1 respectively. These offenses were two of the grounds which the District Attorney alleged as the basis for the revocation of defendant's suspended sentence. The credibility of witnesses and the weight and consideration to be given to their testimony are within the exclusive province of the trier of facts and the trier of facts may believe the evidence of a single witness on a question and disbelieve several others testifying to the contrary. See Brown v. State, Okl.Cr., 494 P.2d 344 (1972). This Court has further held that the State need only to show by a preponderance of the evidence emphasized. the conditions of probation have been violated in order to warrant a revocation of suspended sentence. See, Fain v. State, Okl. Cr., 503 P.2d 254 (1972).

In light of the testimony of Mr. Venable and Mr. Marine, we find the District Court had before it sufficient competent evidence from which the judge properly concluded the defendant had violated the conditions of his suspended sentence. Therefore we hold this proposition to be without merit.

■ The defendant's second and third propositions of error have commonality in subject matter in that both are essentially based on the defendant's allegation that the condition of the defendant's suspended sentence that he shall conduct himself in all respects as a good and peaceful law abiding citizen is vague, violates the Fifth and Fourteenth Amendments to the Constitution of the United States, and is therefore unconstitutional; however, if such condition is not unconstitutional the evidence presented was insufficient to show that the defendant failed to conduct himself in such a manner. The defendant contends the term "law abiding citizen" is a term so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application and that there-

fore a condition of a suspended sentence containing this term violates the first essential of due process, citing Cramp v. Board of Public Instruction, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961). We hold that the term "law abiding citizen" is not vague and violative of the due process protection and we recognize the term clearly means a person who does not violate the law. Webster's Third New International Dictionary defines law abiding as, "abiding by or obedient to the law." We need only direct defendant's attention to this Court's holding in Hood v. State, Okl. Cr., 513 P.2d 328 (1973) wherein it states:

> "It takes only common sense to know public intoxication and obstructing an officer are violations of an agreement to conduct oneself as a law-abiding citizen."

In that case the Court sustained the revocation of the defendant's suspended sentence which condition of suspended sentence was that the defendant conduct himself as a law abiding citizen. By analogy we find that in the instant case the condition of the defendant's suspended sentence, that he conduct himself in all respects as a law abiding citizen, was proper. We further find that in view of the evidence the defendant violated this condition. For the reasons set forth we find this proposition to be without merit.

■ The defendant's fourth proposition of error asserts that the defendant's rights and due process were violated and that the trial judge failed to sufficiently apprise defendant of the reasons that his suspended sentence was being revoked. We quote from the record wherein it states:

> "Now, based on the evidence submitted today, the Court finds that you have been in violation of the terms and conditions of probation, that you have not

conducted yourself as a peaceful, law abiding citizen and, therefore, finds that the Motion to revoke your suspended sentence should be, and the same is hereby ordered sustained . . . ." (Tr. 78)

We find the defendant was sufficiently apprised of the grounds upon which his suspended sentence was revoked. Therefore, we find this proposition of error to be without merit.

The defendant's fifth proposition of error asserts that the evidence presented was insufficient to show that the defendant violated condition No. 8 of his suspended sentence. As we have previously discussed and found that the trial court judge properly revoked the defendant's suspended sentence because the defendant had not conducted himself as a law abiding citizen, we therefore find it unnecessary to discuss the defendant's fifth proposition of error.

■■ The defendant's sixth proposition of error asserts that it was an abuse of discretion for the lower court to revoke the entire five (5) year suspended sentence of the defendant. Statutory law in Oklahoma specifies that the court may revoke in whole or in part, a defendant's suspended sentence. See, 22 O.S.1972 Supp., § 991b. In the absence of an abuse of discretion by the lower court, the Court of Criminal Appeals will not disturb the lower court's order of revocation. After an examination of the entire record we find no abuse of discretion on behalf of the lower court and thus we hold this proposition to be without merit.

In conclusion, we observe the record is free of any error which would justify modification or reversal and the order of revocation of suspended sentence appealed from is, accordingly, affirmed.