**William PHILLIPS, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. O–76–558.**

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1976.

Richard D. Strubhar, Yukon, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge.

The Appellant, William Phillips, hereinafter referred to as defendant, was convicted on a plea of guilty in the District Court of Canadian County, Case No. CRF–74–21, for the crime of Robbery by Force. Pursuant to said plea of guilty a judgment and sentence was rendered setting punishment at five (5) years under the direction and control of the Department of Corrections of the State of Oklahoma, said sentence to be suspended pending the defendant's adherence to rules and conditions set forth by the trial court. On the 28th day of January, 1976, the defendant's suspended sentence was revoked in part and the defendant was ordered to serve a term of five (5) years, the first three (3) years thereof to be served by confinement in the state penitentiary and the remainder of said term to be suspended upon good behavior of the defendant in compliance with the terms and conditions of probation again set by the trial court. From said order revoking suspended sentence in part the defendant has perfected his timely appeal.

The record reveals that the original suspended sentence was entered on December 19, 1974, and that the district attorney for Canadian County filed his initial application to revoke suspended sentence on October 16, 1975. On December 17, 1975, the suspended sentence was revoked in part and the defendant ordered to serve two and one-half (2½) years in the state penitentiary, the remainder of the five year term to be suspended upon good behavior. Subsequent to the filing of the revocation order a motion for a new trial was filed and sustained for the reason that no preliminary hearing was held pursuant to the dictates of *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed. 2d 656, and *Woods v. State,* Okl.Cr., 526 P.2d 944. On January 22, 1976, a new application to revoke suspended sentence was filed and written notice given of a hearing to be held on January 28, 1976. On the 28th a hearing was held at which time the defendant again appeared in person and by the same court appointed attorney.

Briefly stated the evidence adduced at the subsequent hearing was as follows: Canadian County Special District Judge H. Albert Taylor testified that the defendant entered guilty pleas in two separate assault and battery misdemeanor actions filed in his court in July and August of 1975. Judge Taylor testified that each guilty plea was made without benefit of counsel but that he had advised the defendant of his rights to a court-appointed attorney, a jury trial and an additional 24 hours within which to enter a plea. On cross-examination Judge Taylor testified that he did not recall in either case advising the defendant of his right to be confronted by witnesses who would testify against him or the nature and consequences of either plea, including the minimum and maximum punishment provided by law. No court minute or other record of the defendant's waiver of those rights was found in either court file.

Probation officer John Boren then testified that during the defendant's probation he had failed to pay the court costs and probation fees in the original case and subsequent misdemeanor convictions. He further testified that the defendant had failed to make the required parole reports for two consecutive months, that the defendant had pled guilty to a public drunk charge in El Reno in August of 1975, and that from September 14, 1975 to October 14, 1975, he did not know the defendant's whereabouts since the defendant had been given permission to go to Kansas but had turned up under arrest in Oklahoma County.

In his own behalf the defendant testified that at the time of his arrest in El Reno for public drunk he was taking a prescribed barbiturate type drug which caused a physical reaction similar in appearance to intoxication and that he had no recollection of the arrest or entering the plea of guilty. He further testified that he had made attempts to find work but had been unsuccessful due to illness and was therefore without funds to pay the probation fees and costs and that the misdemeanor

charges arose out of domestic conflicts with his common-law wife. On cross-examination the defendant stated that he did not go to Kansas after receiving permission because he was arrested in Oklahoma City for failure to pay a previous fine and on a charge of interfering with a police officer when he did not give his correct name.

Based upon the evidence presented the trial court made the following specific finding in its revocation order dated January 28, 1976:

The Court further finds that the defendant has subsequently failed to comply with the terms of his suspended sentence as follows:

1. That the said defendant entered a plea of guilty to the charge of Assault and Battery, Case No. CRM–75–322 in the District Court of Canadian County, Oklahoma, on the 27th day of July, 1975.

2. That said defendant entered a plea of guilty to the charge of Assault and Battery, Case No. CRM–75–331, in the District Court of Canadian County, Oklahoma, on the 5th day of August, 1975.

3. That said defendant has failed to submit monthly reports to his Parole Officer for the months of September, 1975, and October, 1975.

4. That by defendant's own admission, when given permission to leave the State of Oklahoma and go to the State of Kansas to pursue educational and employment opportunities, defendant failed to go to the State of Kansas for the reason that he was arrested on a charge of interfering with an officer.

The transcript of the proceedings reveals that the trial court did not consider the public drunk plea of guilty or the failure to make payments in its decision to revoke the suspended sentence.

■ The defendant's first assignment of error urges that error was committed when

the defendant was not afforded a preliminary hearing required by *Scarpelli,* supra, and *Woods,* supra. However, an examination of the record reflects that on December 17, 1975, the defendant, represented by the same defense counsel, appeared and vigorously contested during a full hearing the first application for a "revocation of" suspended sentence. Therefore, prior to the second hearing the defendant certainly had sufficient notice of the evidence to be presented by the state and the trial court had in fact made a finding that there was probable cause for revocation. For that reason it is our opinion that the first hearing, although not designated a "preliminary hearing", certainly satisfied the requirements of *Scarpelli.* In the instant case the defendant was not prejudiced by the failure of the trial court to require an intermediate hearing and the minimum requirements of due process were met. The error, if any, was harmless.

The defendant next urges that the two misdemeanor judgments were not properly admissible against the defendant because there was no showing that the defendant, prior to entering his guilty pleas, had been advised of all rights required by *Smith v. Oklahoma City,* Okl.Cr., 513 P.2d 1327. Those rights are as follows:

1.  That the defendant has a right to a court-appointed counsel if the defendant appears without counsel;

2.  That he has a right to trial by jury;

3.  That he has a right to be confronted by witnesses who would testify against him;

4.  That he has a privilege against compulsory self-incrimination guaranteed by the Fifth Amendment;

5.  The nature and consequences of such plea, including the minimum and maximum punishment provided by law for the crime of which he stands charged; and

6.  That the trial court is not bound by any recommendations made by the prosecuting attorney or any agreement entered into by defense attorney and the prosecuting attorney.

■■ As stated in *Smith,* we will not presume that the defendant waived the above rights. From a reading of the transcript it is apparent that Judge Taylor did not recall advising the defendant in either case of those rights set out in sub-paragraphs 3, 5 and 6 above. The case file in each cause is also silent. It is therefore our opinion that the two misdemeanor convictions could not serve as grounds for revocation.

■ However, the trial court also considered the defendant's failure to submit written reports to his probation officer as required by the conditions of probation and the defendant's admission that he had been arrested in Oklahoma County on a charge of interfering with an officer by failing to give the officer his correct name. Officer Boren testified that one of the rules and conditions of probation was that the probationer would not offer any deception to a branch of government. In the instant case it is evident that the defendant deceived a police officer in Oklahoma City and further deceived Boren in failing to advise him of his whereabouts when he failed to go to Kansas. Each of the above reasons is sufficient grounds for revocation of the suspended sentence. It is therefore our opinion that there was competent evidence before the trial court and that the Order Revoking Suspended Sentence dated January 28, 1976, should be, and the same is hereby *AFFIRMED* as hereinafter *MODIFIED.*

■ The first revocation order dated December 17, 1975, partially revoked the suspended sentence and ordered the defendant incarcerated for a period of two and one-half years. The subsequent partial revocation ordered incarceration for a period of three years. In order to allay any suspicion that the defendant was penalized for his vigorous defense, justice requires that the final revocation order be modified to a term of incarceration of two

and one-half years, the remainder of the five year sentence to be suspended upon good behavior of the defendant in compliance with the terms and conditions of probation set by the trial court.

BRETT, P. J., and BUSSEY, J., concur.