Loye Franklin **WILLIAMS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

Nos. F-79-738, F-79-739.

Court of Criminal Appeals of Oklahoma.

Nov. 16, 1981.

Alfred K. Hambrick, Spencer, for appellant.

Jan Eric Cartwright, Atty. Gen., C. Elaine Alexander, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Loye Franklin Williams, pled guilty in the District Court of Oklahoma County, Cases No. CRF–76–3254 and No. CRF–76–3273, to the crimes of Concealing Stolen Property and Unlawful Distribution of a Controlled Dangerous Substance, Amphetamines, respectively, and received five (5) year sentences in both cases, which were to run concurrently and which were suspended. From orders revoking the first two (2) years of each suspended sentence, he appeals. Since the factual basis for the revocations in both cases is the same, we will consider the cases together.

█ As his first assignment of error, the appellant alleges that the trial court erred in overruling his motion to dismiss the application to revoke his suspended sentences because a subsequent misdemeanor conviction based upon the same facts as a dismissed felony charge is barred by estoppel.

The pertinent facts are that the appellant was charged with the felony of Assault and Battery with Intent to do Bodily Harm,[1] arising from an altercation between the appellant and his spouse that occurred in Cotton County. At the preliminary hearing the case was dismissed. Thereafter, the appellant was charged with a misdemeanor of Assault and Battery, to which he pled guilty and was sentenced to serve thirty (30) days in the county jail and to pay a fine of One Hundred Dollars ($100.00), which is the maximum penalty allowable under 21 O.S. 1971, § 644.

This Court has dealt with the proposition that the appellant now seeks to raise on previous occasions, and we find that the case of *Woods v. State*, 526 P.2d 944 (Okl. Cr.1974), is dispositive of the issue, which is without merit.[2]

█ As his second and final assignment of error, the appellant argues that it was error for the court to admit the misdemeanor conviction into evidence when there was no showing that the appellant, prior to entering his guilty plea, had been advised of all of his rights as required by *Smith v. Oklahoma City*, 513 P.2d 1327 (Okl.Cr.1976), and that this Court will not presume the appellant has waived those rights from a silent record, citing *Phillips v. State*, 556 P.2d 1054 (Okl.Cr.1976), as authority. The case at bar is distinguishable from *Phillips, supra,* in that here a court minute was made and the trial judge noted that he advised the appellant of his constitutional rights and that the appellant stated he understood the charge and his rights, and thereafter he entered his plea of guilty. Further, in a revocation hearing a probationer is not entitled to the full panoply of constitutional rights. *Woods, supra,* and the decision to revoke lies within the sound discretion of the trial court. *Fain v. State,* 503 P.2d 254 (Okl.Cr.1972). Accordingly, this assignment of error is without merit.

For the above and foregoing reasons, the orders appealed from are AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.

---

1. Appellant was charged under 21 O.S. 1971, § 645.

2. In *Woods*, this Court held that:
   [I]f probationer is not acquitted by the trier of facts upon the issue of whether an offense was committed and he committed it, there can be no application of the rule of estoppel to a subsequent revocation proceeding conducted on the same evidence. Consequently, we find estoppel is not an issue in this case.