Cleveland WORCESTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-82-567.

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1983.

Rehearing Denied Oct. 6, 1983.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Alan B. Foster, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Cleveland Worcester, hereinafter referred to as the defendant, was charged, tried and convicted of Manslaugh-

ter in the First Degree, in Carter County District Court, Case No. CRF–82–2. Appellant's co-defendant, Helen Louise Deck, was charged and tried for Manslaughter in the First Degree and was convicted of Simple Assault and Battery. The appellant was sentenced to twenty (20) years' imprisonment, and he appeals.

Briefly stated, the facts testified to at trial were that the defendant, age 40, his live-in girlfriend and co-defendant Helen Deck, age 38, Cecil and Joyce Kent and the victim, Wannie Shelton, age 60, had been on a drinking binge for three days prior to December 26, 1981, in Ardmore.

Ms. Deck testified that the victim made a physical advance toward her, touching her breasts, and that she asked the defendant to "make him leave me alone."

Cecil Kent testified that he saw the defendant hit the victim with his fists and kick him twice in the head.

Joyce Kent testified that she saw the defendant and Ms. Deck drag Mr. Shelton from the apartment and that his face was bloody.

A neighbor, James Alexander, testified that the defendant and Ms. Deck attempted to pick up Shelton, only to drop him, and that his head hit the concrete sidewalk. He stated that Ms. Deck was screaming and throwing Mr. Shelton down on the sidewalk and that she kicked him in the face when he would not get up. Alexander testified that the defendant tried to pick up the victim, but Shelton's shirt came loose and he threw the victim down on the concrete.

Buddy McClain testified that the defendant entered his bar the next day and told him "I beat the hell out of him (Mr. Shelton) cause he was trying to make Helen."

Dr. Allen Jones testified that the victim died from blows to the front of his head and that hitting his head on concrete would not, by itself, have resulted in death.

■ In his first three assignments of error, the defendant complains of the jury instructions; however, the record is void of any objection by the defendant to the instructions given at trial, nor were any complaints about the instructions raised in his motion for new trial.[1] Therefore, the assignments of error have not been preserved for review on appeal. *Butler v. State,* 645 P.2d 1030 (Okl.Cr.1982). Moreover, we have reviewed them for fundamental error and find no error to warrant reversal or modification.

■■ In his fourth assignment of error, the defendant complains that the trial court admitted a prejudicial photograph of the victim which lacked probative value. The test for admissibility of an allegedly gruesome picture is whether the probative value of the evidence, as it relates to an issue in the case, outweighs the prejudicial effect. *Glidewell v. State,* 626 P.2d 1351 (Okl.Cr. 1981), citing *Vierrether v. State,* 583 P.2d 1112 (Okl.Cr.1978). The complained-of picture is a four-inch by seven-inch color photograph of the victim's upper chest and head. The face was bruised, but there was little blood. The probative value of the photograph outweighed its prejudicial effect because it related to the issue of his cause of death, that is, whether he died from blows to the front or back of the head.

■ Finally, the defendant asserts that the verdict was unsupported by the evidence and that the twenty (20) years' imprisonment sentence was excessive. He

---

1. Defense counsel specifically stated that he had no objection to the instructions:

THE COURT: Gentlemen, have you received copies of the court's proposed instructions?
MR. WORTHEN: State has, Your Honor.
MR. CLARK: Defendant, Helen Deck, has, Your Honor.
MR. BLANKENSHIP: Defendant, Worcester, has.
THE COURT: Does the State have objections?

MR. WORTHEN: No, Your Honor.
THE COURT: Do the defendants have objections?
MR. CLARK: Defendant, Helen Deck, does not, Your Honor.
MR. BLANKENSHIP: Neither [sic] does the Defendant, Worcester.
THE COURT: Thank you, gentlemen. Let's go back out and read them to the jury.

contends that the evidence conflicted as to the cause of death. It is well-settled that the "[s]ufficiency of the evidence is a jury question, and this Court has often held that when there is some evidence to present to a jury, we will not interfere." *Woodard v. State,* 567 P.2d 512 (Okl.Cr.1977). We also note that the evidence should be viewed in the light most favorable to the State. *Renfro v. State,* 607 P.2d 703 (Okl.Cr.1980). Furthermore,

> The credibility of witnesses and the weight and consideration to be given to their testimony are within the exclusive province of the trier of facts and the trier of facts may believe the evidence of a single witness on a question and disbelieve several others testifying to the contrary. *Caudill v. State,* 532 P.2d 63 (Okl.Cr.1975).

 Mr. Cecil Kent, a six-time convicted felon, testified for the State that, although he was intoxicated to the point of passing in and out of consciousness, he saw the defendant hit and kick the victim in the head. It was up to the jury to assess Mr. Kent's credibility and to determine the weight to be given to his testimony. This Court will not invade the province of the jurors, who have the opportunity to gauge the witness's demeanor at trial. See, *Caudill,* supra, at 66.

The defendant also complains that twenty (20) years' imprisonment for his conviction of First Degree Manslaughter is excessive.

> The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and this Court does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. *Baldwin v. State,* 596 P.2d 1269 (Okl.Cr.1979), and cases cited therein.

The jury could reasonably have concluded that the defendant over-retaliated for the physical advance on his girlfriend made by the intoxicated victim. Therefore, we can-

not find that the punishment imposed shocks the conscience of this Court.

The judgment and sentence is accordingly AFFIRMED.

CORNISH, J., concurs.

BRETT, J., concurs in results.