[No. 20457.  In Bank. — November 21, 1888.]

IN   THE   MATTER   OF   THE   DISBARMENT   OF   C.   C. STEPHENS.

ATTORNEYS AT LAW — DISBARMENT — CHANGING SIDES IN LITIGATION — ENCOURAGING ILLEGAL OR UNJUST LITIGATION. — It is a sufficient cause for disbarment for an attorney to urge and aid in the prosecution, and then appear for the defense, of a person charged with crime; or to encourage the commencement of proceedings which he knows, or has reason to know, are illegal or unjust.

APPLICATION for the disbarment of an attorney. The facts are stated in the opinion of the court.

*Horace Bell*, for Petitioner.

*Alexander Campbell*, for Respondent.

PATERSON, J.—This is an application for the disbarment of C. C. Stephens, an attorney and counselor at law.

The written accusation. alleges in substance that on December 1, 1887, two criminal actions were pending in the superior court of Los Angeles County, against one B. A. Stephens (brother of respondent), and another of the same character in the supreme court against said B. A. Stephens and one A. M. Thornton, charging the defendants therein with having published a libel against Horace Bell, the accuser herein; that said C. C. Stephens and one G. Wiley Wells were the attorneys for said defendants; that while said actions were pending as aforesaid, said C. C. Stephens represented to said Bell and the prosecuting attorney that said G. Wiley Wells was the person really guilty of the publication of the libels mentioned, — said B. A. Stephens and A. M. Thornton having acted under the guidance and instructions and at the instigation of said Wells, and that he, said defendant, knew of and would furnish to said Bell the original manuscript of said libel in the handwriting of said Wells, and assist in the prosecution and conviction of said Wells, if said Bell would agree to dismiss the said actions against his brother and Thornton; that said Bell agreed to do as requested, and in pursuance of his promise said Stephens consulted with the prosecuting officers concerning the facts and the law involved in the proposed action, and repeatedly urged said Bell to commence the prosecution against said Wells; that on the day said actions in the superior court were to be tried, said Stephens produced a document which he represented to be the original manuscript referred to, and requested a dismissal of the actions; that said Bell refused to consent to said dismissal, being in doubt as to the genuineness of the document, but did consent to a continuance at that and subsequent times in pursuance of the understanding between the parties; that at the urgent request of said Stephens, who claimed that the statute of limitations had not run against the action, and upon his promise to procure satisfactory evidence of the guilt of said Wells, a complaint was filed in

the justice's court on February 23, 1887, charging said
Wells with criminal libel, and thereafter a warrant was
issued and served, and the examination of said Wells
upon said charge continued and set for April 17, 1888;
that up to the last-named date said Stephens consulted
with and advised the prosecuting officers in the prepara-
tion of the case and in securing evidence against said
Wells, but when the matter came on for examination he
appeared as attorney for the defense of said Wells on said
charge, and objected to the examination of Wells, on the
ground that the action was barred under the provisions
of sections 801 and 802 of the Penal Code, and that when
this objection was overruled he procured, as attorney for
said Wells, a writ of prohibition, prohibiting the justice
from proceeding with the examination, and thereupon
said Wells was discharged.

To this accusation a demurrer has been filed, in which
it is claimed that no sufficient reason for disbarment is
shown, because it appears that Stephens did try to fur-
nish evidence as he agreed to do, and that no bad faith
is shown on the part of respondent in his promise and
effort to bring Wells to justice. It is said that he may
have found that he was mistaken as to the guilt of Wells,
and on finding Bell was not dealing fairly by him he
was induced to accept a retainer from Wells.

It is unnecessary for us, at this time, to consider how
far—admitting the accusations to be true—the bad faith
or failure of Bell, in relation to the matter, would operate
to justify Stephens in the conduct charged, or to what
extent the good faith of the latter may excuse him for
advising the prosecution and then acting for the defense
of Wells.

We think that the charges call for an answer. It has
always been considered a sufficient cause for disbarment
for an attorney and counselor to urge and aid in the
prosecution, and then appear for the defense of a person
charged with crime; or to encourage the commencement

of proceedings which he knows, or has reason to know, are illegal or unjust. (Weeks on Attorneys and Counselors, pp. 140 et seq.)

The demurrer is overruled, with directions to respondent to answer the accusation within thirty days after notice of this order.

SEARLS, C. J., WORKS, J., SHARPSTEIN, J., McFARLAND, J., and THORNTON, J., concurred.