## ED WARD v. STATE.

No. A-5188. Opinion Filed Jan. 16, 1926.
(242 Pac. 575.)

W. P. Hickok, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. From a conviction in the county court of Dewey county for a misdemeanor, the plaintiff in error, hereinafter called defendant, has appealed.

Several assignments of error are argued in the brief, none of which have any merit except the third. This assignment is that, during the pendency of the prosecution against the defendant, Hoyt & Butler, attorneys, on two different occasions appeared as counsel for the defendant, and, upon the trial of the case, this firm, by Fred L. Hoyt, a member of the firm, appeared for and assisted in the prosecution and conducted the cross-examination of the defendant, over his objection.

We have examined the record and find that on October 1, 1923, the defendant filed a petition for a continuance signed by Hoyt & Butler, his attorneys.

Indorsed thereon is a stipulation for continuance signed by them and the county attorney. Again on January 7, 1924, a further motion for continuance was filed by the defendant signed by Hoyt & Butler, his attorneys, and indorsed thereon is a stipulation between them and the county attorney. Upon the trial, Fred L. Hoyt, of the firm, appeared for the state. Objection was made that his firm had appeared for defendant. Thereupon the county attorney informed the court that the firm had been retained to assist him in the case, and Mr. Hoyt informed the court that he had signed applications for continuance as a matter of accommodation, but had not received a fee and had not discussed the case with defendant, and had, in fact, forgotten signing the same. The court then permitted him to appear for the prosecution, and he conducted the cross-examination of the defendant.

A somewhat similar question, whether one, who has acted as a prosecuting officer, may, subsequent to the expiration of his term, appear for a defendant, has arisen in other courts. It is generally held that he cannot do so. Gaulden v. State, 11 Ga. 47; In re Stephens, 77 Cal. 357, 19 P. 646; Weeks on Attorneys and Counsellors (2d Ed.) § 120, pp. 254, 255; Commonwealth v. Gibbs, 4 Gray (Mass.) 146; Webber v. Barry, 66 Mich. 127, 33 N. W. 289, 11 Am. St. Rep. 466; State v. Howard, 118 Mo. 127, 24 S. W. 41. There are some exceptions to this rule. People v. Johnson, 40 Colo. 460, 90 P. 1038, and see State v. Howard, 118 Mo. 127, 24 S. W. 41. It is fairly well settled in civil cases that an attorney, who acted as such for one side, may not render services professionally for the other side. 6 Corpus Juris, 619, 1053; In re Boone (C. C.) 83 F. 944; Weidekind v. Tuolumne, etc., 74 Cal. 386, 19 P. 173, 5 Am. St. Rep. 445.

This court in the case of Steeley v. State, 17 Okla. Cr. 252, 187 P. 821, under a state of facts similar to that disclosed by the record here, reviewed the authorities, and held that, where an attorney had once appeared for a defendant in a criminal action, he was thereafter disqualified to appear and prosecute. That case states the sound rule. We adhere to it fully. See, also, Dodd v. State, 5 Okla. Cr. 513, 115 P. 632; Evans v. State, 5 Okla. Cr. 643, 115 P. 809, 34 L. R. A. (N. S.) 577; Brown v. State, 9 Okla. Cr. 382, 132 P. 359; People v. Gerold, 265 Ill. 448, 107 N. E. 165, Ann. Cas. 1916A, 636.

Where one appears for an accused as his attorney, whether he be paid for his services or not, and whether he is informed by his client of the facts surrounding his defense or not, such appearance precludes him from subsequently appearing or participating on the other side of the same case. The rule must be rigidly adhered to. Courts owe a duty to themselves, to the public, and to the legal profession. The due and orderly administration of justice, the honor of the legal profession, and the dignity of the court forbid such practice. The attorney must not transgress, and the court must not permit it to be done. An observance of the rule will prevent the dishonest practitioner from fraudulent conduct and will prevent the honest practitioner from putting himself in a questionable position. It was the duty of the trial court to have forbidden the appearance. We do not impute to the attorneys here any dishonest purpose, but a conviction under such circumstances, irrespective of the guilt of the defendant, cannot be permitted to stand.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.