J. W. HILL & SONS, INC., Appellant,

v.

John A. WILSON et ux., Appellees.

No. 14405.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 19, 1966.

Rehearing Overruled Feb. 16, 1966.

House, Mercer, House & Brock, Franklin D. Houser, San Antonio, for appellant.

Pat Maloney, San Antonio, for appellees.

MURRAY, Chief Justice.

This suit was instituted by John A. Wilson and wife, Blanche S. Wilson, against J. W. Hill & Sons, Inc., hereinafter referred to as Hill & Sons, Inc., James Hill, Mitchell H. McDonald, and James Hobbs, seeking to recover property and personal injury damages sustained by the Wilsons when the automobile which they were driving in a southerly direction on U. S. Highway 81 in Frio County, Texas, collided with a Chevrolet pick-up truck owned by Hill & Sons,

Inc., and allegedly operated by Mitchell H. McDonald. The case was tried to a jury and resulted in a recovery by Wilson and wife in the sum of $12,837.50 against Hill & Sons, Inc., and James Hobbs, jointly and severally, from which judgment J. W. Hill & Sons, Inc., has appealed.

Appellant's first contention is that the court erred in overruling the motion of Franklin D. Houser, and the law firm of House, Mercer, House & Brock, asking leave to withdraw as attorneys of record for James Hobbs, because of a conflict of interest existing between James Hobbs and Hill & Sons, Inc., which action resulted in injury to the appellant. The recovery here was based upon the doctrine of respondeat superior. Hill & Sons, Inc., was the owner of the Chevrolet pick-up truck, and Hobbs was a general employee of Hill & Sons, Inc. The question being whether he was in the course of his employment on the occasion of the collision.

It was admitted that on July 10, 1960, the date of the collision, both Hobbs and McDonald were employees of the corporation—Hobbs was foreman of Hill & Sons, Inc., gravel and sand business, and McDonald was a truck driver. Hobbs was confined in the Leavenworth penitentiary at the time of trial and testified by deposition. He testified that about 4:30 p. m. on July 9, 1960, he started to Pearsall to look at a piece of loading machinery which his employer was interested in leasing. Since he had been drinking, he requested McDonald to go along and drive for him. He testified that McDonald went as an employee of the corporation and was to be paid for same. Two-fifths of vodka was consumed by them and both got drunk. They became separated and Hobbs was found by Frio County authorities and placed in the Frio County jail. The pick-up was involved in a collision the following morning when it was being driven towards San Antonio.

Appellant's first contention is that the court erred in overruling the motion of appellant's attorneys to withdraw as attorneys for James Hobbs.

The firm of House, Mercer, House & Brock was employed by the liability insurance carrier for Hill & Sons, Inc., and in August, 1962, filed answers for the corporation and Hobbs. McDonald was made a party, but was never served and did not appear or testify in the case. On October 2, 1964, appellant's attorneys filed a motion to withdraw as attorneys for Hobbs and asserted a conflict of interests between the defendants, in that Hobbs said he was in the scope of employment at the time of the collision and during the events preceding it, while appellant said he was not. Appellant asserts that reversible and fundamental error was committed in requiring appellant's attorneys to represent these conflicting interests at one and the same time before the court and jury.

There was a direct conflict of interest between Hill & Sons, Inc., and James Hobbs on the all important question of whether Hobbs was in the course of his employment with Hill & Sons, Inc., when he and McDonald took the Chevrolet and went to Frio County, which ultimately resulted in the collision in question.

The real party at interest here was the insurance carrier of Hill & Sons, Inc., which would not be liable if Hobbs was not acting in the course of his employment, and likewise Hill & Sons, Inc., would not be liable under such circumstances. "Course of employment" on the part of Hobbs was a vital issue in the case, and thus one firm of attorneys could not properly represent him and Hill & Sons, Inc. State Bar Rules, Article XIII, Canons of Ethics, Section 3, subparagraph 6, p. 234, Vol. 1A Vernon's Ann.Civ.St.; Myers v. Crockett, 14 Tex. 257; Cochran v. Cochran, Tex.Civ.App., 333 S.W.2d 635; Easley v. Brookline Trust Co., Tex.Civ.App., 256 S.W.2d 983; Barreda Corp. v. Ballenger, Tex.Civ.App., 116 S.W.2d 442; People v. Gerold, 265 Ill. 448, 107 N.E. 165.

The trial court very properly allowed Hobbs and Hill & Sons, Inc., six peremptory challenges each, and the attorneys were compelled to exercise these challenges to the best interest of their respective clients. In exercising Hobbs' challenges they were required to do so in such a manner as was calculated to produce a jury favorable to Hobbs, while exercising the challenges awarded to Hill & Sons, Inc., in such manner as to try to produce a jury favorable to Hill & Sons. The failure of the trial court to allow the attorneys for Hill & Sons, Inc., to withdraw as attorneys for James Hobbs brought about this impossible and embarrassing situation. It in effect required the attorneys to strike the jury list for Hobbs with their left hand, and then to strike such jury list for Hill & Sons, Inc., with their right hand, and not let the left hand know what the right hand was doing, this, of course, cannot be done by any human being.

These attorneys stood before the jury as attorneys for Hobbs, contending that Hobbs on the occasion in question was acting within the scope of his employment, and at the same time, as attorneys for Hill & Sons, Inc., contending that Hobbs was not so acting. No trial judge should permit such a situation to occur in his court, much less require it to happen.

■ To require or even to permit an attorney or a firm of attorneys in open court, before a jury, to undertake the representation of defendants having a conflicting interest is error, regardless of how or who is responsible for this situation.

To have an attorney standing in open court before a jury and the public, who have a right to be present, attempting to represent conflicting interests creates a situation which should never occur under our adversary system of trying cases. Bryant v. Lewis, Tex.Civ.App., 27 S.W.2d 604. Such a situation discredits the legal profession, and lowers the dignity of the court. It should never be permitted, even if agreeable to the adverse parties. Ward v. State, 33 Okl.Cr. 182, 242 P. 575. Such a trial would be fundamentally wrong and against the policy of the law. Malia v. Giles, 100 Utah 562, 114 P.2d 208.

■ Regardless of whether the motion to withdraw is tardily made, or made at such a time that if granted it would cause a continuance of the suit, and even if the attorney making the motion to withdraw is at fault in helping to create the situation, it is reversible error to not permit him to withdraw as attorney for one of the parties when he discovers that he is in a position of representing litigants who have a real and serious conflict of interest in the lawsuit.

■ There can be no question here but that appellant was prejudiced by the fact that his attorneys were required to also represent Hobbs, who was contending that he was in the course of his employment during the events that led up to the collision between the pick-up truck and appellees' automobile, while appellant was contending to the contrary.

For the error pointed out, the judgment of the trial court will be reversed, not only as to appellant, J. W. Hill & Sons, Inc., but also as to James Hobbs, who did not perfect an appeal, and the entire cause remanded for a new trial. See 4 Tex.Jur.2d, § 850, p. 424.

Reversed and remanded.