Christopher Frederick GORE,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16002.

Court of Criminal Appeals of Oklahoma.

March 17, 1971.

Charles G. Huddleston, Enid, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

MEMORANDUM OPINION

BRETT, Judge.

Plaintiff in error, Christopher Frederick Gore, hereinafter referred to as defendant,

was tried and convicted for the offense of Second Degree Burglary, and on February 18, 1969, was given a four year suspended sentence. On the following August 20, 1969, upon application of the District Attorney, the court conducted a hearing to determine whether or not defendant's suspended sentence should be revoked. At the conclusion of that hearing, defendant's suspended sentence was revoked and he was delivered to the Oklahoma State Penitentiary to serve his sentence. This is an appeal from the revocation hearing. After briefs were submitted and defendant's application for oral argument was denied, this matter was submitted for decision on January 6, 1971.

Defendant asserts one proposition in his brief. He contends that it was in violation of the provisions of 57 O.S.Supp.1967, § 517, for the trial court to assume jurisdiction of the Application for the Revocation, on the basis of the Application filed by the District Attorney; and he asserts that § 517 authorizes only the Deputy Director of the State Department of Corrections to issue the Warrant for Arrest for violation of probation, insofar as that department has supervisory authority.

■ After considering the briefs filed, we find that defendant's contention is without merit. It has long been considered that a suspended sentence, imposed by the trial court, is an act of judicial grace; and, that a suspended sentence is not to be confused with either a pardon or parole. In Hansen v. Page, Okl.Cr., 440 P.2d 211 (1968), this Court held:

"Suspended sentence may be revoked at any time prior to expiration of same for violation of its terms and conditions, and sentence can only thereafter be satisfied by actual service of same."

Likewise, this Court has traditionally held that it will not interfere with the trial court's action concerning the revocation of suspended sentence, unless there has been an abuse of discretion. Such abuse is not present in the instant case. It is not defendant's contention that the trial court lacks authority to revoke a suspended sentence, but instead he asserts that the inquiry into the violation of conditions of suspension can only be brought to the court's attention—by the parole officer—through notification of the Deputy Director of the Department of Corrections—who is the only officer who can issue the warrant of arrest because of those violations. We do not construe the Statutes in that manner; nor do we believe that to be the intent of the State Legislature in providing for the Department of Correction's supervisory role in instances of suspended sentences.

■ We therefore hold that the authority found in 57 O.S.Supp.1967, § 517, for issuance of a warrant for arrest for violation of conditions of a suspended sentence is ancillary to the other established procedures, for initiating an application to revoke a suspended sentence. We hold further, that the District Attorney is fully authorized by law to initiate an application to revoke a suspended sentence, when he believes sufficient competent evidence exists to present for the court's consideration, at a revocation hearing.

We are therefore of the opinion the District Court of Garfield County, Oklahoma, in their case No. CRF–69–321, did not commit error when defendant's suspended sentence was revoked; and that the revocation order issued August 20, 1969, should be affirmed.