Mark W. **BAKER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. O 95–734.

Court of Criminal Appeals of Oklahoma.

Sept. 25, 1996.

### ACCELERATED DOCKET ORDER

The Appellant has appealed to this Court from the revocation of the remaining portion of his suspended sentence in Case No. CF–91–386 in the District Court of Payne County. In that case, Appellant entered a plea of guilty and was convicted of Burglary in the Second Degree, After Former Conviction of One Felony. He was sentenced to a term of ten (10) years, with the sentence suspended under rules and conditions of probation. On August 24, 1993, the District Court found Appellant had violated rules and conditions of probation and revoked three (3) years of the suspended sentence.

On December 15, 1994, the State filed the current petition to revoke the remainder of Appellant's suspended sentence. On June 21, 1995, the revocation hearing was held. The District Court found Appellant had again violated the rules and conditions of probation by committing the offenses of Unlawful Possession of a Controlled Dangerous Substance, Carrying a Concealed Weapon, and Public Intoxication. The District Court revoked the remainder of Appellant's suspended sentence and ordered him to serve seven (7) years in prison.

In this appeal, Appellant raises two (2) propositions of error. Appellant first claims the District Court's order revoking the suspended sentence must be vacated because the two attorneys who represented Appellant when he received the suspended sentence, also appeared for the State during the process of revoking that sentence. Appellant's second proposition claims the order revoking Appellant's suspended sentence should be vacated because no hearing was held within twenty days of his arrest on this charge, and because due process was violated when no preliminary hearing was held.

The record in this case reflects the following facts relevant to the propositions of error. On October 28, 1991, the Information was filed in Case No. CRF–91–386 charging Appellant with the crime of Burglary in the Second Degree, After Former Conviction of Two or More Felonies. Appellant filed a Pauper's Affidavit and, on October 30, 1991, counsel was appointed to represent him (the counsel who is also identified as "Appointed

Counsel" in the Docket Sheet entries). Appointed Counsel represented Appellant through the preliminary hearing in Case No. CF–91–386, held February 4, 1992, at which Appellant was bound over for trial on the charges.

On February 21, 1992, Appellant appeared before the District Court with counsel he had retained (the counsel who is also identified as "Retained Counsel" in the Docket Sheet entries), and his request to relieve Appointed Counsel was granted. Retained Counsel represented Appellant throughout trial court proceedings, including the taking of his guilty plea and entry of Judgment and Sentence that was suspended. Retained Counsel also represented Appellant throughout proceedings on the first petition to revoke suspended sentence, when three (3) years of the suspended sentence was revoked effective August 24, 1993.

On December 15, 1994, the current petition to revoke the remainder of Appellant's suspended sentence was filed. The District Court Felony Appearance Docket reflects the following entries:

12–15–94     JUDGE BELDEN
MARK BAKER     CF–94–614  CRF–91–386
THE DEFENDANT APPEARS IN PERSON AND WITHOUT COUNSEL. THE STATE APPEARS BY [APPOINTED COUNSEL]. THE COURT READ THE INFORMATION AND ADVISED DEFENDANT OF HIS RIGHTS IN CF–94–614. THE STATE ADVISES IT HAS FILED AN APPLICATION TO REVOKE IN CRF–91–386. THE COURT CONTINUES CF–94–614 TO DECEMBER 16, 1994 AT 1:45 P.M. FOR DEFENDANT TO HAVE AN ATTORNEY AND SETS BOND AS CT. 1 $2000.00, CT. 2 $1000.00 AND CT. 3 $100.00. THE COURT SETS THE APPLICATION TO REVOKE BEFORE JUDGE WORTHINGTON ON DECEMBER 16, 1994, AT 1:30 P.M. AND SETS BOND AS $7500.00. THE DEFENDANT IS TO BE TAKEN TO JUDGE WORTHINGTON'S COURTROOM FROM JUDGE BELDEN'S.

12/16/94     JUDGE WORTHINGTON/JH
STATE VS. MARK BAKER     CF–91–386
The state appears by Beth Pauchnik. Defendant appears in person. This comes on state's application to revoke. Defendant requests time to employ an attorney. Defendant advises that he was taken into custody on 12/14/94. This matter is reset to 12/22/94 at 2:00 p.m., and defendant is advised to get hold of an attorney before the hearing.

12/22/94     JUDGE WORTHINGTON/SP
STATE VS. MARK BAKER     CF–91–386
The state appears by [Appointed Counsel]. Defendant appears not. The state advises that defendant is ordered to appear on other cases at 1:45 p.m. on 1/6/95, and this matter is continued to that time.

1–6–95     JUDGE BELDEN
MARK WAYNE BAKER     CF–94–644  CRF–91–386
THE DEFENDANT APPEARS IN PERSON AND WITHOUT COUNSEL. THE STATE APPEARS BY [RETAINED COUNSEL]. THE COURT ISSUES DEFENDANT AN APPLICATION FOR COURT APPOINTED ATTORNEY AND ADVISES DEFENDANT OF $15.00 FILING FEE. THE COURT CONTINUES THE MATTER TO JANUARY 12, 1995 AT 1:45 P.M. FOR DEFENDANT TO HAVE APPLICATION FILED.

1–12–95     JUDGE BELDEN
MARK WAYNE BAKER     CF–94–644  CRF–91–386
THE DEFENDANT APPEARS IN PERSON AND WITHOUT COUNSEL. THE STATE APPEARS BY [APPOINTED COUNSEL]. THE COURT CONTINUES BOTH MATTERS TO JANUARY 17, 1995 AT 1:45 P.M. FOR DEFENDANT TO SHOW PROOF OF INDIGENCY.

1–17–95     JUDGE BELDEN
MARK WAYNE BAKER     CF–94–644  CRF–91–386
THE DEFENDANT APPEARS IN PERSON AND WITHOUT COUNSEL. THE STATE APPEARS BY COLLEEN MARTIN, L.I. THE COURT

APPROVES DEFENDANT'S APPLICATION AND APPOINTS GLEN WINTERS AS COUNSEL IN CF–94–644 AND CRF–91–386. THE DEFENDANT ENTERS A PLEA OF NOT GUILTY TO BOTH CASES AND AT THE DEFENDANT'S REQUEST, CRF–91–386 IS SET FOR HEARING ON THE STATE'S APPLICATION TO REVOKE ON JANUARY 20, 1995 AT 2:30 A.M. [SIC] CF–94–644 IS SET ON THE P.H. DOCKET FEBRUARY 13, 1995 AT 9:00 A.M.

1–20–95          JUDGE WORTHINGTON/JH
STATE VS. MARK BAKER          CF–91–386
The state appears by attorney, Paul Anderson. Defendant appears in person and by attorney, Glen Winters. Defendant waives his right to hearing within 20 days, and this matter is reset to 1/24/95.

1–24–95          JUDGE WORTHINGTON/JH
STATE VS. MARK BAKER          CF–91–386
The state appears by attorney, Laura Thomas. Defendant appears in person and by attorney, Glen Winters. At defendant's request this case is continued to 5/12/95 at 2:30 p.m.

---

Pursuant to the *Rules of the Oklahoma Court of Criminal Appeals,* 22 O.S.Supp. 1995, Ch. 18, App., Rule 11.2(A)(2), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions or issues were presented to this Court in oral argument on May 2, 1996, pursuant to Rule 11.2(F). At the conclusion of oral argument, this Court voted, four to zero (4–0) to reverse and remand the revocation of Appellant's suspended sentence for further proceedings. This Court noted that the decision was based upon Appellant's first proposition, and that an opinion of the entire Court would follow on Appellant's second proposition. The State filed a motion to further brief the issues in the second proposition and this Court directed both parties to file briefs addressing questions relating to that proposition. *Baker v. State,* No. O 95–734 (Okl.Cr. June 11, 1996).

■ The arguments in Appellant's first proposition, and the facts of this case, involve the situation where an attorney represents a defendant in a criminal case, and then is hired by, and appears on behalf of, the state in the same criminal case. The proposition must be analyzed under the rules of professional conduct, and under case authority discussing the appearance of impropriety on the part of an attorney.

Rule 1.11(c) of the *Oklahoma Rules of Professional Conduct,* 5 O.S.1991, Ch. 1,

App. 3–A (hereinafter *"Rules"*), provides in pertinent part:

"Except as law may otherwise expressly permit, a lawyer serving as a public officer or employee shall not: (1) participate in a matter in which the lawyer participated personally and substantially while in private practice...."

Moreover, Rule 1.9(a) of the *Rules* provides:

"[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation."

Both attorneys who represented Appellant in prior proceedings in criminal Case No. CRF–91–386, Appointed Counsel and Retained Counsel, appeared on behalf of and represented the State in this proceeding to revoke the remaining portion of Appellant's suspended sentence. Both attorneys participated personally and substantially in Case No. CF–91–386 by representing Appellant during the preliminary examination of the case, and during trial court proceedings and the first revocation proceeding. The State's interest in this revocation proceeding is clearly materially adverse to the interests of Appellant, the former client of the attorneys. The *Rules* declare that the attorneys' participation and representation of the State in

Case No. CRF–91–386 is proscribed. *Rules, supra,* Rules 1.9(a) and 1.11(c) ("shall not").

Both attorneys' representation of the State's interests in this revocation proceeding was minimal as shown by the Felony Appearance Docket entries. They appeared on dates where only preliminary matters, continuances, and the setting of hearing dates were decided, to-wit: 12–15–94, 12–22–94, 1–6–95, and 1–12–95. However, they possessed privileged information secured from Appellant by reason of their former services rendered to Appellant in Case No. CF–91–386. Their appearance on behalf of the State might give an appearance of willingness to share the previously secured privileged information with other prosecutors in the case.

The State must be allowed to hire capable attorneys from the private sector, and vice versa. Moreover, we do not impute to the attorneys here any improper purpose. However, the revocation of Appellant's suspended sentence under such circumstances, irrespective of the need to revoke and legitimacy of doing so, cannot be permitted to stand. *Ward v. State,* 242 P. 575, 576, 33 Okl.Cr. 182, 184 (1926) (where one appears for an accused, he is precluded from appearing or participating on the other side of the case); *Thoreson v. State,* 69 Okla.Crim. 128, 100 P.2d 896, 899–900 (1940) (if the prosecuting attorney might be possessed of some privileged information by reason of former services rendered, it is the duty of the court to disqualify him).

■ Appellant's second proposition complains his revocation hearing was not held "within twenty (20) days of his arrest on this charge." It also complains due process was violated when no preliminary hearing was held.

In Appellant's original brief, he cites to 22 O.S.1991, § 991b for its requirement that a revocation hearing must be held within twenty (20) days after the date of arrest. This Court has held that "arrest" in § 991b refers to an arrest on the revocation application. *Wilson v. State,* 621 P.2d 1173, 1176 (Okl.Cr. 1980). This Court has also held the statutory mandates in 22 O.S.1991, § 991b, and the remedies for violations of those mandates, gives a probationer greater protection than constitutional due process and preliminary hearing requirements. *Pickens v. State,* 779 P.2d 596, 598 (Okl.Cr.1989). Therefore, it is unnecessary for Appellant to assert a constitutional due process violation for failing to conduct a preliminary hearing if a violation of the statute, as cited and contended by Appellant, has occurred. *Pickens,* 779 P.2d at 597–598.

However, Section 991b was amended by the Oklahoma Legislature in 1994 and the statutory twenty (20) day rule no longer runs from the date of arrest on the revocation petition, but runs from the date of entry of a plea of not guilty to the petition. 22 O.S.Supp.1994, § 991b (eff. Sept. 1, 1994). Therefore, Appellant's complaint that his revocation hearing was not held within twenty (20) days of his arrest on this charge is no longer valid. Appellant expressly waived his right to a revocation hearing three (3) days after the entry of the plea of not guilty to the petition.

■ Due to the 1994 change made by the Oklahoma Legislature, statutory protections no longer cover the period from the time of arrest on the revocation petition until the entry of the plea of not guilty to the petition. 22 O.S.Supp.1994, § 991b. This change must be reviewed to determine its impact on the rule in *Pickens,* that a preliminary probable cause hearing is not required in a revocation proceeding. A delay in taking the plea of not guilty to the petition could cause a substantial time lag from the time of arrest until the plea is taken. Due process and liberty interest protections, including any necessary preliminary hearing and probable cause determination for continued detention, must again be considered applicable to such a period. *See Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

The statutory 20 day rule in section 991b has been given more importance than constitutional requirements. *McCauley v. State,* 814 P.2d 157, 158 (Okl.Cr.1991). However, a different analysis is used when determining whether constitutional requirements have

been violated by delays in conducting the revocation hearing.

The United States Supreme Court has recognized two important stages in the typical process due for parole or probation revocations. *Morrissey*, 408 U.S. at 485, 92 S.Ct. at 2602; *Gagnon*, 411 U.S. at 782, 93 S.Ct. at 1759–1760. The first stage requires that, when a probationer is arrested and detained at the direction of his parole officer, the probationer should be given notice and allowed to attend a preliminary hearing held by a person not directly involved in the case, as promptly as convenient after arrest, to determine whether there is probable cause to detain the probationer for a final decision on revocation. *Morrissey*, 408 U.S. at 485–487, 92 S.Ct. at 2602–2603.[1] The second stage requires a revocation hearing within a reasonable time after detention before a neutral and detached hearing body, at which the probationer must have an opportunity to be heard, to evaluate contested facts and determine whether revocation is warranted. *Morrissey*, 408 U.S. at 487–489, 92 S.Ct. at 2603–2604. The Supreme Court left it to the discretion and responsibility of each state to develop revocation procedures within the framework of minimum due process requirements. *Morrissey*, 408 U.S. at 485–489, 92 S.Ct. at 2602–2604.

■ Oklahoma is not "typical" in the process it provides for parole or probation revocations. The probationer is not arrested and detained solely at the direction of his probation and parole officer, the "typical" situation addressed in *Morrissey*. Arrest warrants are issued by a district court upon the filing of an application to revoke suspended sentences pursuant to 22 O.S.1991, § 991b, or to accelerate deferred sentences pursuant to 22 O.S.1991, § 991c. In addition, the Department of Corrections can issue a warrant pursuant to 57 O.S.1991, § 517, after the Department determines the probation and parole officer had reasonable grounds and was justi-

fied in believing a probation violation occurred. If such procedures are followed, "first stage" due process requirements of *Morrissey* and the need to conduct a preliminary hearing to determine probable cause to further detain the probationer are eliminated. A person arrested pursuant to a warrant issued by an uninvolved person on a showing of probable cause is not constitutionally entitled to a subsequent and separate determination, i.e. a preliminary hearing, that there is probable cause to detain him pending a final decision on revocation. *Baker v. McCollan*, 443 U.S. 137, 142–143, 99 S.Ct. 2689, 2693–2694, 61 L.Ed.2d 433 (1979). To the extent the procedure outlined in *Woods v. State*, 526 P.2d 944, 950 (Okl.Cr.1974), which indicates a preliminary probable cause hearing is required regardless of any pre-arrest determination, is inconsistent with this order, it is hereby modified.

■ The issuance of an arrest warrant by a district court or the Department of Corrections is not the exclusive method for arresting a probation violator, and failure to comply with that section is not crucial. *See Gore v. State*, 482 P.2d 953, 954 (Okl.Cr. 1971); *Jordan v. State*, 481 P.2d 185, 186 (Okl.Cr.1971). Therefore, a probationer could be arrested and restrained of his liberty without an arrest warrant and before a determination of probable cause is made. Whenever a person is arrested and detained without a warrant, and thus without a prior determination of probable cause, due process liberty interests require a preliminary hearing to determine probable cause to detain within forty-eight (48) hours after the arrest and detention. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56, 111 S.Ct. 1661, 1669–1670, 114 L.Ed.2d 49 (1991); *see also Pickens*, 779 P.2d at 597 (it is a probationer's liberty interest which requires the due process protection of a preliminary "probable cause to detain" hearing).

1. There is language in *Morrissey* that the probationer "should be given notice that the [preliminary] hearing will take place" and "may appear and speak in his own behalf". 408 U.S. at 487–488, 92 S.Ct. at 2603–2604. The language was included to address the "typical" revocation situation present in *Morrissey*, to-wit: when the pro-

bationer is arrested and detained at the direction of his probation officer, without a warrant. The language does not preclude a procedure that the 'preliminary' hearing to determine probable cause be conducted prior to arrest, or before the probationer is present.

In the present case, Appellant does not meet any of the above-listed requirements or establish that he was ever deprived of a due process preliminary hearing as alleged by his second proposition. Appellant does not establish he was arrested without an arrest warrant and solely at the direction of his probation officer, therefore, he has not established a due process preliminary hearing is required in his case. *Baker*, 443 U.S. at 142–143, 99 S.Ct. at 2693–2694; *Morrissey*, 408 U.S. at 485–487, 92 S.Ct. at 2602–2603. The current petition to revoke, and the Felony Appearance Docket entries listed above, indicate Appellant was charged with separate criminal offenses in Case No. CF–94–644. Moreover, no arrest warrant on the probation violation is contained in the record in Case No. CRF–91–386. Therefore the record indicates, and Appellant does not refute, that he was arrested and already in custody on the other charges such that a preliminary examination in the revocation proceeding is not mandated. *Pickens*, 779 P.2d at 597; *Wilson*, 621 P.2d at 1176. Finally, Appellant has cited to no location in the record, and we have found none, where he requested a preliminary hearing in the revocation proceeding or objected to the lack of a preliminary hearing such that the District Court could address whether his rights had been or were being violated. *Pickens*, 779 P.2d at 597; *Wilson*, 621 P.2d at 1176; *Woods*, 526 P.2d at 950.[2]

**IT IS THEREFORE THE ORDER OF THIS COURT** that the revocation of Appellant's suspended sentence in Case No. CF–91–386 in the District Court of Payne County should be, and is hereby, **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

/s/ Charles A. Johnson
    CHARLES A. JOHNSON,
    Presiding Judge

/s/ Charles S. Chapel
    CHARLES S. CHAPEL,
    Vice Presiding Judge

/s/ Gary L. Lumpkin
    GARY L. LUMPKIN,
    Judge

/s/ Reta M. Strubhar
    RETA M. STRUBHAR,
    Judge

LANE, J., concurs in result.

LANE, Judge concurring in result:

I agree with the majority's analysis of the law in the second proposition pertaining to the need for a preliminary procedure in a revocation case. However, I disagree with the application as made by the majority in this matter. The majority states that the need for a determination of probable cause is satisfied by the fact that he was under arrest for another charge. It is true that our record indicates that another charge was filed against the appellant. However, there is nothing in the record now before us to indicate that a probable cause determination was made in that case. It is my position that to excuse a preliminary hearing by reason that probable cause was found in another manner, it must be clear that another procedure has in fact determined probable cause. The current record does not show that this was done.

---

2. Appellant's proposition of error only challenges the *Morrissey* "first stage" requirement of a preliminary probable cause hearing. The Oklahoma Legislature's amendment to Section 991b could also allow a violation of the *Morrissey* "second stage" requirements. 408 U.S. at 487–489, 92 S.Ct. at 2603–2604. A delay in taking the plea of not guilty to the petition to revoke, could cause the time between the arrest and the final decision on revocation to extend beyond two months and into a period that could be considered unreasonable. *Id.* Challenges to such a delay would have to be properly asserted by the probationer. *Pickens*, 779 P.2d at 597; *Wilson*, 621 P.2d at 1176; *Woods*, 526 P.2d at 950. Judges of the District Court should be ever vigilant to ensure hearings are set promptly, to preclude issues of unreasonable delay arising.