1998 OK CR 11

**Douglas Clayton WILKEY, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F 96–1430.**

Court of Criminal Appeals of Oklahoma.

Jan. 23, 1998.

---

Brett Swab, First Assistant District Attorney, Edward Snow, Assistant District Attorney, for the State at trial.

Chad Smith, Assistant Public Defender, Tulsa, for Defendant at trial.

Adam Barnett, Assistant Public Defender, Tulsa, for Appellant on appeal.

W.A. Drew Edmondson, Attorney General, Kellye Bates, Assistant Attorney General, Oklahoma City, for Appellee on appeal.

## SUMMARY OPINION

LANE, Judge.

¶1 Douglas Clayton Wilkey was tried by jury and convicted of First Degree Murder in the Commission of First Degree Arson (21 O.S.1991, § 701.7(B)) in Tulsa County District Court Case No. CF–94–213.[1] The jury set punishment at life imprisonment and the trial judge imposed this sentence. In this perfected appeal Wilkey raises the following propositions of error which we will address in order:

1. Failure to appoint a special prosecutor violated the Oklahoma Rules of Professional Conduct and denied the defendant a fair trial;

2. Defense counsel was not given adequate notice as to the testimony of witnesses per the Oklahoma Criminal Discovery Code and *Allen;*

3. The trial court deprived the defendant of his constitutional right to have the jury instructed on every viable defense by refusing instructions on second degree manslaughter;

4. The conduct of the prosecutor at trial denied the defendant his right to a fair trial;

5. The trial court erred in failing to instruct *sua sponte* on the defendant's defense;

6. The errors in combination deprived the defendant of a fair trial.

¶2 The Oklahoma Rules of Professional Responsibility do not address the situation here. Two attorneys who had been employed by the Tulsa Public Defender and who had worked on Wilkey's first trial were employed by the Tulsa District Attorney at the time of Wilkey's second trial. These attorneys do not appear of record at any point in the second trial. No evidence has been presented to show any actual contact between these attorneys and the prosecutors of the second trial. Where the appearance of a conflict of interest arises, the appellant

1. This is a retrial. This Court reversed and remanded the first conviction by unpublished opinion. (F 95–15, November 30, 1995)

bears the burden to show actual harm. *Banks v. State*, 810 P.2d 1286, 1296 (Okl.Cr. 1991). This burden has not been met here.

¶ 3 Motions for discovery were filed in the first trial by both the State and the defense. No motions for discovery were filed after the case was reversed and remanded for new trial. Because the granting of a new trial places the parties in "the same position as if no trial had been had," 22 O.S.1991, § 951, we find no discovery order was in effect for the second trial. Therefore, the State did not fail to comply with any discovery order.

¶ 4 Wilkey testified he was not present when the fire was set. Therefore, he is not entitled to instruction on the defenses of second degree murder or second degree manslaughter. *Johnson v. State*, 911 P.2d 918, 928 (Okl.Cr.1995).

¶ 5 Wilkey raises several allegations of prosecutorial misconduct. A number of the statements cited are not error. However, the prosecutor did commit a number of errors in this case. These errors were cured by the trial court sustaining defense objection or by proper instruction of the jury by the trial court. *Jordan v. State*, 756 P.2d 8, 9, (Okl.Cr.1988). These errors do not require reversal individually or when considered cumulatively.

¶ 6 Wilkey did not file notice that he was going to assert an alibi defense as required by 22 O.S.1991, § 585. He did not present any witnesses to corroborate his testimony that he was at a convenience store during the period of time the fire broke out in the rooming house in which he lived. Defense counsel did not request an alibi instruction. Wilke argues the failure of the trial court to give this instruction *sua sponte* is error. A defendant who does not request a jury instruction is entitled to relief on appeal only if the failure of the trial court to so instruct deprived the defendant of a substantial right. *Millwood v. State*, 721 P.2d 1322, 1325 (Okl.Cr.1986). We conclude from the record that the defense chose not to present a formal alibi defense which could have led to a vigorous effort by the State to discredit it. Instead, the defense alluded to the defense in such a way that it was not severely challenged by State's witnesses, but it was planted in the minds of the jurors. Under these circumstances, we hold Wilkey was not deprived of a substantial right by the trial court's instructions.

¶ 7 The errors present in this trial do not warrant relief when they are considered in aggregate. The judgment and sentence is **AFFIRMED.**

### DECISION

¶ 8 The Judgment and Sentence of the trial court is **AFFIRMED.**

CHAPEL, P.J., STRUBHAR, V.P.J., and LUMPKIN and JOHNSON, JJ., concur.