2011 OK CR 23

**Kent L. FAULKNER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2010–503.**

Court of Criminal Appeals of Oklahoma.

Sept. 7, 2011.

Ned Burleson, II, Prague, OK, counsel for defendant at trial.

Laura Farris, Assistant District Attorney, Sapulpa, OK, counsel for the State at trial.

Wayna Tyner, Appellate Defense Counsel, Oklahoma Indigent Defense System, Norman, OK, counsel for appellant on appeal.

E. Scott Pruitt, Attorney General of Oklahoma, Jared Aden Looper, Assistant Attorney General, Oklahoma City, OK, counsel for the State on appeal.

### SUMMARY OPINION

LUMPKIN, Judge.

¶ 1 Appellant, Kent L. Faulkner, was tried by jury and convicted of Child Sexual Abuse (10 O.S.Supp.2006, § 7115(E)) in the District Court of Okfuskee County Case Number CF–2007–72. The jury recommended as punishment imprisonment for thirty-five (35) years.[1] The trial court sentenced accordingly. It is from this judgment and sentence that Appellant appeals.

¶ 2 Appellant raises the following propositions of error in this appeal:

I. Mr. Faulkner's Due Process rights were violated when his former attorney prosecuted him in a matter substantially related to the former representation.

II. Mr. Faulkner's trial was infected throughout with improper and speculative "expert" opinion testimony.

III. Error occurred by the State's improper bolstering of witnesses.

IV. Mr. Faulkner was prejudiced due to prosecutorial misconduct in violation of his right to a fair trial.

V. The trial court erred when it failed to instruct on required service of 85% of life sentence.

VI. Mr. Faulkner received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article II, §§ 7, 9 and 20 of the Oklahoma Constitution.

VII. The cumulative effect of all the errors addressed above deprived Mr. Faulkner of a fair trial.

¶ 3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts and briefs of the parties, we have determined that Appellant is entitled to relief in Proposition one.

¶ 4 In his first proposition of error, Appellant contends that he was denied a fundamentally fair trial when his former attorney, Maxey Parker Reilly, investigated and prosecuted him for the instant offense. Appellant asserts the existence of a conflict of interest under Rule 1.9, *Oklahoma Rules of Professional Conduct*, 5 O.S.Supp.2007, Ch. 1, App. 3–A, because the attorney's former representation of Appellant was substantially related to the present case.

¶ 5 Appellant did not initially challenge the assistant district attorney's involvement in the case. After she tried the preliminary hearing and appeared at the initial pretrial hearings, Appellant filed a Motion to Disqualify Counsel. The assistant district attorney then voluntarily recused from the case. Thereafter, Appellant did not challenge her appearance on behalf of the State at a pretrial conference and failed to object at trial to the reading of the Information, the playing of the videotape in which his former counsel assisted in the interview of the complaining witness, or the introduction into evidence of Appellant's communications to his former attorney. As Appellant failed to timely challenge the assistant district attorney's involvement in the case and failed to renew his challenge at trial, he has waived appellate review of the instant issue for all but plain error. *Cole v. State*, 2007 OK CR 27, ¶ 58, 164 P.3d 1089, 1101; *Cheatham v. State*, 1995 OK CR 32, ¶ 48, 900 P.2d 414, 427.

¶ 6 At bottom, the Due Process Clause requires a fundamentally fair trial. *Bracy v. Gramley*, 520 U.S. 899, 904–05, 117 S.Ct. 1793, 1797, 138 L.Ed.2d 97 (1997); *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955).

> The right to due process and a fair trial include the essential element that there is no unfair advantage to the prosecution by reason of a prior professional relationship between a member of its staff and a criminal defendant concerning the same or closely related matter.

*United States v. LaVallee*, 439 F.3d 670, 681 (10th Cir.2006) (quotations and citation omitted). This Court analyzes the circumstances of an attorney prosecuting a former client under the rules of professional conduct, and

---

**1.** Appellant will be required to serve 85% of this sentence before he is eligible for parole pursuant to 21 O.S.Supp.2002, § 13.1(14).

under case authority discussing the appearance of impropriety on the part of an attorney. *Baker v. State,* 1996 OK CR 49, ¶ 8, 927 P.2d 577, 580. The rule addressing "Special Conflicts of Interest for Former and Current Government Officers and Employees," provides, in relevant part, that:

> Except as law may otherwise expressly permit, a lawyer currently serving as a public officer or employee:
>
> (1) is subject to Rules 1.7 and 1.9

Rule 1.11(d), *Oklahoma Rules of Professional Conduct,* 5 O.S.Supp.2007, Ch. 1, App. 3–A. Rule 1.9(a) provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Rule 1.9, *Oklahoma Rules of Professional Conduct,* 5 O.S.Supp.2007, Ch. 1, App. 3–A. A concurrent conflict of interest exists if there is a significant risk that the representation of a client will be materially limited by the lawyer's responsibilities to a former client. Rule 1.7(a)(2), *Oklahoma Rules of Professional Conduct,* 5 O.S.Supp.2007, Ch. 1, App. 3–A.

¶ 7 This Court has recognized that "if the evidence in any case discloses that the prosecuting attorney might be possessed of some privileged information by reason of former services rendered by him, then it is the duty of the court to disqualify the prosecuting attorney." *Thoreson v. State,* 1940 OK CR 40, 100 P.2d 896, 899. Similarly, the committee comments to Rule 1.9, provide:

> Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter. For example, a lawyer who has represented a businessperson and learned extensive private financial information about

that person may not then represent that person's spouse in seeking a divorce.

¶ 8 Turning to the facts of the present case, we find that plain error occurred. *Hogan v. State,* 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. It is clear that Appellant's interests were materially adverse to the State's interest in criminally prosecuting him. Although the assistant district attorney's representation of Appellant was not in the same matter, the former representation involved the same transaction. Only eighteen months before the initiation of the present case, the assistant district attorney had assisted Appellant obtain guardianship of the complaining witness. Later she assisted Appellant to begin proceedings to adopt the child. The fact of the guardianship was a necessary element of the instant offense. *See Huskey v. State,* 1999 OK CR 3, ¶ 12, 989 P.2d 1, 7. As part of the investigation of the offense, Appellant was interviewed by law enforcement. He blamed the child's other family members of manufacturing the allegations to defeat the adoption and as an extension of their initial opposition to the guardianship. Days later, Appellant's former counsel acting as assistant district attorney participated in the interview of the complaining witness. Many of the questions during the interview centered upon the facts surrounding the guardianship and adoption and Appellant's asserted defense. Thereafter, Appellant's former counsel initiated the prosecution by filing an Information against Appellant. When the case proceeded to trial, the circumstances surrounding the guardianship and adoption proceedings were at the heart of both the State's case and Appellant's defenses to the charge.

¶ 9 Based upon the nature of the representation and the events that occurred, there was a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the State's position in the criminal prosecution. Rule 1.9, *Oklahoma Rules of Professional Conduct,* 5 O.S.Supp. 2007, Ch. 1, App. 3–A, Committee Comments (3); *Crawford v. State,* 1992 OK CR 62, ¶ 50, 840 P.2d 627, 637–38 (finding that it was not improper for a prosecutor to cross-examine

his former client regarding his prior convictions where there "was not an improper use of privileged information."), *abrogated on other grounds by Malone v. State*, 2007 OK CR 34, 168 P.3d 185. Appellant defended against the charge by asserting that: 1) the child's other family members put her up to making the allegations; 2) her mother had previously accused him of sexually abusing the child; 3) his health did not permit him to accomplish the alleged acts; and 4) the child's allegations were inconsistent with the circumstances of the living arrangements in the Faulkner's home. Through her representation of Appellant and his wife in the guardianship and adoption proceedings the assistant district attorney would normally have obtained confidential information regarding the circumstances that became Appellant's defenses in the criminal prosecution.[2] In particular, the assistant district attorney would have normally obtained confidential information from Appellant to overcome the opposition of the other family members to the guardianship and subsequent adoption proceedings. As the former representation involved the same transaction and there was a substantial risk that the assistant district attorney held confidential factual information obtained in the prior representation that would materially advance the State's position in the criminal prosecution, we find that the former representation was substantially related to the instant offense. As the State's and Appellant's interests were materially adverse, the assistant district attorney should have been disqualified from prosecuting the case.

¶ 10 Relying upon *Wilkey v. State*, 1998 OK CR 11, 953 P.2d 347, the State argues that Appellant's claim must fail because he is unable to show any harm as the assistant district attorney voluntarily recused from the case after preliminary hearing and was not the assistant district attorney that tried the case. In *Wilkey*, two attorneys who had represented the defendant during his first trial had subsequently gone to work for the district attorney's office at the time of his second trial. *Id.*, 1998 OK CR 11, ¶ 2, 953 P.2d at 348–49. The attorneys did not appear of record at any point in the second trial and there was no evidence that they had any actual contact with the prosecutors of the second trial. *Id.* This Court found that "[w] here the appearance of a conflict of interest arises, the appellant bears the burden to show actual harm." *Id.*

¶ 11 The present case is distinguishable from *Wilkey*. We find that the assistant district attorney's appearance and contact with the present case constitutes a concurrent conflict of interest. Rule 1.7(a)(2), *Oklahoma Rules of Professional Conduct*, 5 O.S.Supp.2007, Ch. 1, App. 3–A; *Baker*, 1996 OK CR 49, ¶ 10, 927 P.2d at 580 (holding that appearance of attorneys on behalf of the State at preliminary matters where attorneys possessed privileged information secured from the appellant by reason of their former services requires reversal despite the attorneys' minimal involvement in the case). The record in the present case reveals that Appellant's former attorney appeared and had extensive contact with the prosecution of Appellant. She participated in the initial investigation conducted by the Okemah police department, signed the Information charging Appellant, and tried the preliminary hearing on behalf of the State. Even after she voluntarily recused from the case she continued to appear and have contact with Appellant's case. She appeared at the pre-trial conference and argued on behalf of the State. Although not present in person, she appeared at trial. Her name was affixed to the Information that was read to the jury. She was depicted questioning the complaining witnesses in a videotape that was shown to the jury. Within the video, the newly appointed assistant district attorney repeatedly assured the confused complaining witness that she did not represent Appellant anymore but that she now "put criminals in jail." (State's Ex. No. 3). She further informed the com-

---

**2.** The Committee Comments to Rule 1.9, Oklahoma Rules of Professional Conduct, 5 O.S.Supp.2007, Ch. 1, App. 3–A, further provide that:

A former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter. A conclusion about the possession of such information may be based on the nature of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services.

plaining witness that it was part of her job to see that the complaining witness did not have to go back with Appellant and his wife. (State's Ex. No. 3). She continued to have contact with the case. She met with the prosecutor that tried the case and conveyed her former clients' communications to her during the guardianship proceedings. Because there is a substantial risk that Appellant's former counsel held confidential information secured from Appellant during the former representation that was materially adverse to Appellant in the present case and she appeared in the present case, plain error occurred and Appellant's conviction cannot stand.[3] We are required to reverse Appellant's conviction and remand the matter to the district court for a new trial. Pursuant to Rule 1.9, the trial court should disqualify any prosecutor that has acquired information protected by Rules 1.6 and 1.9(c), of the Oklahoma Rules of Professional Conduct, from appearance or contact with the case at re-trial.

¶ 12 Appellant's remaining propositions of error as well as his Application for Evidentiary Hearing[4] are rendered moot by our determination in Proposition One. As such, they are denied.

## DECISION

¶ 13 The judgment and sentence is **REVERSED AND REMANDED FOR A NEW TRIAL** consistent with this Opinion. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2011), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

A. JOHNSON, P.J., LEWIS, V.P.J., C. JOHNSON and SMITH, JJ.: concur.

---

**3.** As this Court has information indicating a substantial likelihood that a lawyer, Maxey Parker Reilly, has committed a violation of the *Oklahoma Rules of Professional Conduct,* a copy of this opinion will be forwarded to the General Counsel of the Oklahoma Bar Association and a complete copy of the briefs and pleadings will be made available, at their request. *See* Rule

2011 OK CR 24

**A.R.M., Appellant,**

v.

---

2.15(D), *Code of Judicial Conduct,* 5 O.S.Supp. 2011, Ch. 1, App. 4; *Garrison v. State,* 2004 OK CR 35, ¶ 168 n. 56, 103 P.3d 590, 619–20 n. 56.

**4.** The application and the attached exhibits shall remain sealed consistent with this Court's prior order. *See* 10A O.S.Supp.2009, § 1–6–102.